BLUE, Acting Chief Judge.
Anthony Ray Harvey appeals his convictions of four counts of armed kidnapping, two counts of aggravated assault, and two counts of armed robbery. We affirm without discussion the convictions for armed kidnapping, aggravated assault and the armed robbery of Paul Moore. Because the evidence presented at the trial failed to prove the occurrence of two separate robberies, we are required to reverse Harvey’s conviction for the armed robbery of Jason Valentin.
On September 17, 1994, at about 11:00 p.m., Harvey entered a Taco Bell restaurant. He ordered all the restaurant employees, except Moore, the manager, into the restaurant’s walk-in freezer at gunpoint. The employees inside the freezer included Valentin, the cashier. After locking the freezer, Harvey forced Moore to remove the money from the cash register and give it to him. As a result of these actions, Harvey was charged and convicted of two armed robberies — one of Moore and one of Valentin.
Harvey argues the trial court erred by denying his motion for a judgment of acquittal for the armed robbery of Valentin because multiple robbery convictions require “successive and distinct forceful takings with a separate and independent intent for each transaction.” Brown v. State, 430 So.2d 446, 447 (Fla.1983). The State contends Valentin, as restaurant cashier, had custody and control over the money in the cash register. However, Valentin was not present when Harvey ordered the money removed from the cash register, and Moore, not Valentin, actually removed the money and gave it to Harvey. Therefore, no separate and distinct taking from Valentin occurred. Because there was only one forceful taking of money from one cash register, only one conviction for armed robbery can stand. See Lundy v. State, 614 So.2d 674 (Fla. 2d DCA 1993) (reversing conviction and sentence for one of two armed robbery convictions, when there was only one forceful taking from two restaurant employees).
We reverse Harvey’s conviction for the armed robbery of Jason Valentin. The case is remanded to the trial court to correct Harvey’s sentencing scoresheet and, if required, to resentence Harvey accordingly.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and QUINCE, JJ., concur.