711 So.2d 1183 (1998)
Jeremiah BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4871.
District Court of Appeal of Florida, First District.
April 17, 1998.
Opinion Modifying Decision on Rehearing June 17, 1998.
*1184 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We affirm in part and reverse in part. Appellant was convicted following a jury trial of armed burglary of a structure, two counts of armed robbery, and attempted second degree murder in connection with the robbery of a convenience store. He argues on appeal that the trial judge should have granted his motion for judgment of acquittal on the burglary charge because the only evidence at trial concerning the convenience store at the time of his entry was that it was open to the general public, and that one entering the premises under such circumstances cannot be convicted of burglary. We agree. See section 810.02(1), Florida Statutes (1995), and Collett v. State, 676 So.2d 1046 (Fla. 1st DCA 1996). However, the remaining issues raised by appellant concerning his conviction of other offenses are without merit, and we therefore affirm as to those offenses.
The judgment of conviction for armed burglary is REVERSED. As to all other offenses of which appellant was convicted, the judgments of conviction are AFFIRMED, and this cause is remanded for resentencing using a corrected scoresheet.
JOANOS and WOLF, JJ., and SMITH, LARRY G., Senior Judge, concur.

OPINION ON REHEARING
PER CURIAM.
Appellant's motion for rehearing asserts that this court overlooked appellant's contention that he was improperly convicted of two counts of armed robbery, where the undisputed evidence disclosed that property of the convenience store and property of the store's employee was taken from the employee during one continuous episode. We agree that because there was a single victim, this case falls within the holdings of this and other courts that only one robbery occurs, notwithstanding the fact that the property taken belonged to different owners. Morgan v. State, 407 So.2d 962 (Fla. 4th DCA 1982); Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992); Horne v. State, 623 So.2d 777 (Fla. 1st DCA 1993); cf., Brown v. State, 430 So.2d 446 (Fla.1983). Further, as this court made clear in Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997), appellant did not waive his double jeopardy claim arising from the multiple robbery convictions and sentences by his failure to raise it before the trial court. Accordingly, on remand the trial court is directed to vacate the judgment and sentence as to one robbery count. In all other respects, we adhere to our opinion and decision filed April 17, 1998.
JOANOS and WOLF, JJ., and SMITH, LARRY G., Senior Judge, concur.