795 So.2d 1021 (2001)
Joseph J. WEITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-463.
District Court of Appeal of Florida, Second District.
September 5, 2001.
*1022 CASANUEVA, Judge.
Joseph J. Weitz appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Weitz pleaded guilty to racketeering, conspiracy to commit racketeering, scheme to defraud, and fourteen counts of grand theft and was sentenced as part of a negotiated plea to fourteen years in prison as a habitual felony offender. We affirm the trial court's order without comment as to all but Weitz's claim that his plea was involuntary due to ineffective assistance of counsel. We reverse as to that claim.
We write first, however, to address appointed counsel's motion to withdraw. The trial court initially determined that Weitz was constitutionally entitled to appointed counsel for purposes of this appeal and appointed an attorney to represent him. No one sought review of this order. For reasons that are not apparent from the record, approximately one month later, that attorney moved the trial court to set aside its order of appointment. The trial court granted that motion and allowed counsel to withdraw. Counsel then filed the instant motion in this court.
We believe that the better course of action would have been for counsel to begin by moving to withdraw in this court in a motion stating an adequate legal basis to do so. It is disruptive to the appellate process for the trial court to allow appellate counsel to withdraw mid-appeal and it is also questionable whether the trial court even had jurisdiction to set aside its order of appointment. We also note that the procedure used in this case has made it impossible for this court to determine the grounds upon which the motion to set aside was granted. Nonetheless, because we independently conclude that appointed counsel is not constitutionally required for this appeal, we grant the motion to withdraw. See Graham v. State, 372 So.2d 1363 (Fla.1979); Rowe v. State, 777 So.2d 1088 (Fla. 2d DCA 2001).
As to the merits of the appeal, Weitz alleges that trial counsel was ineffective in failing to advise him that absent a voluntary waiver the convictions for scheme to defraud and grand theft were barred by double jeopardy. See Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991). Weitz alleges that he would not have agreed to the plea bargain had he known about the double jeopardy prohibition. The trial court denied this claim finding that Weitz had waived the double jeopardy claim by entering into a negotiated plea bargain with the State. See Novaton v. State, 634 So.2d 607 (Fla.1994).
Novaton is, however, inapplicable to the instant case. In Novaton, the court specifically noted that the defendant "neither requests that the agreement be vacated nor claims that it was invalid because it was not voluntarily and intelligently entered into." Id. at 609. In the instant case, Weitz alleges just thatthat his plea *1023 was involuntary because his counsel was ineffective in failing to advise him of the double jeopardy protection. We conclude that this is a facially sufficient claim which may entitle Weitz to relief. See Hubbard v. State, 662 So.2d 746 (Fla. 1st DCA 1995) (noting that a negotiated sentence precluded appeal or collateral challenge of conviction and sentence on double jeopardy grounds apart from an allegation of ineffective assistance of counsel). Because Weitz's allegations are not refuted by the record, we reverse and remand for further proceedings.
We affirm as to Weitz's other claims without comment.
Affirmed in part, reversed in part, and remanded.
GREEN, A.C.J., and STRINGER, J., concur.