840 So.2d 1064 (2003)
Reginald UPSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3640.
District Court of Appeal of Florida, First District.
January 29, 2003.
Appellant, pro se.
Richard E. Doran, Attorney General, and Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The Appellant challenges the trial court's order summarily denying his postconviction motion filed pursuant to Florida *1065 Rule of Criminal Procedure 3.850. Because the trial court failed to attach record portions that conclusively refute the Appellant's claim that his counsel was ineffective for failing to advise him that his convictions and sentences for trafficking in cocaine and possession of cocaine with the intent to sell violate double jeopardy, we reverse. We affirm all of the other issues raised in the Appellant's motion without discussion.
The Appellant pled no contest to trafficking in cocaine, possession of cocaine with intent to sell, sale of cocaine, possession of drug paraphernalia, battery on a law enforcement officer, and resisting an officer with violence. He was sentenced to 15 years' imprisonment. He subsequently filed the present motion in which he alleged that his counsel was ineffective in advising him to plead where his convictions and sentences violate double jeopardy.
To state a claim of ineffective assistance of counsel, the Appellant must allege specific facts which show that counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Cherry v. State, 659 So.2d 1069, 1072 (Fla. 1995); Betts v. State, 792 So.2d 589, 589-90 (Fla. 1st DCA 2001). As to the first prong, the Appellant alleged that counsel failed to inform him that his convictions and sentences violate double jeopardy, and there is nothing in the record to indicate that counsel informed the Appellant that he could not lawfully be convicted of both trafficking in cocaine and possession of cocaine with intent to sell. See Weitz v. State, 795 So.2d 1021 (Fla. 2d DCA 2001). As to the second prong, the Appellant alleged that he would not have pled, but would have proceeded to trial, but for counsel's error. See Brazeail v. State, 821 So.2d 364 (Fla. 1st DCA 2002).
The record reveals that the Appellant was convicted of trafficking in cocaine and possession of cocaine with the intent to sell. If these convictions arose from the same amount of contraband in a single episode, then the convictions violate double jeopardy. See Washington v. State, 745 So.2d 1050 (Fla. 1st DCA 1999). The factual basis given during the plea colloquy indicates that the Appellant possessed different amounts and packages of cocaine, but it is unclear from the factual basis whether the different amounts and packages of cocaine supported different charges or whether each charge was supported by the same amount and package of cocaine. The trial court did not attach any portion of the record, such as the charging document, to conclusively refute the Appellant's claim that his convictions and sentences violate double jeopardy.
Because the trial court's attachments do not conclusively refute the Appellant's claim, we reverse the summary denial of the Appellant's claim that his counsel was ineffective for failing to advise him that his convictions and sentences for trafficking in cocaine and possession of cocaine with intent to sell violate double jeopardy, and remand for the trial court to either support its summary denial with record excerpts conclusively establishing that the Appellant is entitled to no relief or to conduct an evidentiary hearing on the claim. We otherwise affirm the trial court's order.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
BARFIELD, BROWNING and LEWIS, JJ. CONCUR.