STEVENSON, J.
Earl Keller timely appeals an order of the circuit court summarily denying his motion for postconviction relief. We reverse the trial court’s summary denial as to the fourth ground for relief, and as to such part of the fifth ground as pertains to the fourth ground. We affirm without discussion as to the other grounds.
Pursuant to a negotiated agreement, Keller entered a guilty plea to a number of charges, including carjacking with a weapon and grand theft. Keller’s motion for postconviction relief raised grounds of ineffective assistance of counsel and involuntary plea. Keller claimed that his counsel was ineffective for failing to advise him that his convictions and sentences for both carjacking and grand theft — where the amended information indicated that the grand theft was for the taking of the same motor vehicle which was the subject of the carjacking charge— were a violation of double jeopardy. Grand theft of a motor vehicle is a lesser included offense of carjacking. See Fryer v. State, 732 So.2d 30, 38 (Fla. 5th DCA 1999). In addition, Keller claimed that the plea was involuntarily entered, in part because of counsel’s failure to explain that convictions for both carjacking and grand theft were barred by double jeopardy.[1]
In Weitz v. State, 795 So.2d 1021 (Fla. 2d DCA 2001), the Second District recently held that a defendant stated a facially sufficient claim when he alleged that his negotiated plea was involuntary because his attorney was ineffective in failing to advise him that, absent a voluntary waiver, convictions for both scheme to defraud and grand theft were barred by double jeopardy. Weitz claimed that he would not have entered the plea had he known about the double jeopardy prohibition. Likewise, in Upshaw v. State, 840 So.2d 1064 (Fla. 1st DCA 2003), the court held that the trial court erred in summarily denying defendant’s motion for postconviction relief where defendant claimed that his counsel was ineffective for failing to advise him that his convictions and sentences for traf *633 ficking in cocaine and possession of cocaine with the intent to sell violated double jeopardy.
In Upshaw, as in Weitz, the defendant claimed that he would not have entered the plea had he been correctly advised. Here, Keller’s claims were substantially similar to those in Upshaw and Weitz. Accordingly, we reverse and remand for the trial court to either support its denial as to the foregoing grounds with record excerpts conclusively establishing that Keller is entitled to no relief or conduct an evidentiary hearing on the claim. We have reviewed the other issues raised on appeal and find no error.
AFFIRMED in part, REVERSED in part and REMANDED.
GUNTHER and WARNER, JJ., concur.

. Appellant pled guilty to six offenses in all and was sentenced to thirty years in prison on the first two counts, one of which included the carjacking charge, fifteen years on the next two counts, one of which included the grand theft, and to time served on the remaining counts, all concurrently. Had counsel succeeded in challenging the grand theft charge, appellant's maximum possible sentence would have been life plus thirty-seven years, rather than the life plus sixty-two years that he was advised of in open court.