886 So.2d 421 (2004)
Walter Lee ATWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3522.
District Court of Appeal of Florida, Second District.
November 17, 2004.
*422 James Marion Moorman, Public Defender, and Mark C. Katzef, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Walter Lee Atwell was convicted of four counts of armed robbery and four counts of kidnapping. He received eight concurrent life sentences as a prison releasee reoffender. Atwell challenges one of the convictions for armed robbery. We affirm the judgments and sentences for three of the armed robbery convictions and the judgments and sentences for the four kidnapping convictions. We reverse the judgment and sentence for one conviction for armed robbery only.
Atwell and an accomplice entered a business establishment and held Janice, Wendy, Shirley, and Kim at gunpoint. While three of the women sat in the back of the store, Atwell took Wendy to the front of the store to the cash register. Wendy complied with the orders to open the cash register and to remove the money. The men then took money from the purses of Janice, Wendy, and Shirley. Kim did not have a purse with her and no money or property was taken from her person.
On appeal Atwell argues that the trial court erred when it denied his motion for judgment of acquittal for the robbery of Kim because he did not take any money or property from her. The State asserts that because Kim was an employee of the business establishment the money in the cash register was in her custody; therefore, evidence that Atwell took the money from the cash register was sufficient to sustain the conviction for the robbery of Kim. We disagree.
In Pagan v. State, 830 So.2d 792, 803 (Fla.2002), the Florida Supreme Court summarized the standard of review on a motion for judgment of acquittal:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is *423 supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Id. at 803 (citations omitted). The statutory definition of robbery is set out in section 812.13(1), Florida Statutes (2001):
"Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
In the present case, there was a forceful taking from Janice, Wendy, and Shirley when their personal property was taken from their purses at gunpoint. There was also a forceful taking from Wendy as she was required to remove the contents of the cash register. However, the taking of Wendy's personal items and the taking of the money from the cash register amounted to only one robbery of Wendy. See Butler v. State, 711 So.2d 1183, 1184 (Fla. 1st DCA 1998) (op. on reh'g); Horne v. State, 623 So.2d 777 (Fla. 1st DCA 1993); Morgan v. State, 407 So.2d 962 (Fla. 4th DCA 1981).
Caselaw dictates that Atwell could not be found guilty of taking money or other property from the person or custody of Kim when the money was removed from the cash register by Wendy and no property was taken from Kim. See Anderson v. State, 639 So.2d 192 (Fla. 4th DCA 1994). Because the evidence did not support the existence of the robbery element of taking money or property from Kim's person or from her custody, the motion for judgment of acquittal as to this single count should have been granted. Kim was the victim of a kidnapping, but not of a robbery. Accordingly, the judgment and sentence for the robbery of Kim must be vacated.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and WALLACE, JJ., Concur.