ALLEN, J.
The appellant challenges the order by which the trial court denied each of the claims raised in the appellant’s Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Although most of the claims were properly denied, the trial court erred in summarily denying one of the claims.
After the appellant entered negotiated pleas of nolo contendere to seven offenses, including three counts of the second degree felony offense proscribed by section 790.19, Florida Statutes, the trial court adjudged the appellant guilty of the seven offenses and imposed prison sentences for each. The appellant thereafter filed his postconviction motion, asserting various claims through which he sought to withdraw his pleas.
One of the appellant’s claims is that, in light of the factual circumstances giving rise to the charges against him, his trial counsel was ineffective in failing to recognize and advise him that, absent a voluntary waiver such as through a negotiated plea, see, e.g., Novaton v. State, 634 So.2d 607 (Fla.1994), double jeopardy principles would preclude his conviction and sentence for more than one violation of section 790.19, thus reducing his potential sentences from a total of 65 years for all seven offenses to a total of 35 years for the remaining five offenses. The appellant swore that he would not have entered his negotiated pleas if his counsel had advised him of the double jeopardy prohibition and had not misadvised him that his potential exposure was for a sentence of 65 years. Because this is a facially sufficient claim which is not conclusively refuted by the attachments to the order under review, the trial court erred in summarily denying the claim. See Keller v. State, 846 So.2d 631 (Fla. 4th DCA 2003); Upshaw v. State, 840 So.2d 1064 (Fla. 1st DCA 2003); Weitz v. State, 795 So.2d 1021 (Fla. 2d DCA 2001). See also Brazeail v. State, 821 So.2d 364 (Fla. 1st DCA 2002).
The order under review is accordingly affirmed in part and reversed in part, and the case is remanded.
ERVIN and POLSTON, JJ., concur.