932 So.2d 1287 (2006)
Mario RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2741.
District Court of Appeal of Florida, Second District.
July 19, 2006.
*1288 Mario Rodriguez, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Mario Rodriguez appeals the postconviction court's order summarily denying his four-claim motion for postconviction relief *1289 filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record attachments and the court's rationale do not conclusively refute his claims, we reverse.
Rodriguez was charged in case number 89-4852 with violating probation and in case number 01-2298 with four hundred counts of possessing material containing sexual conduct by a child in violation of section 827.071(5), Florida Statutes (2001). On September 30, 2002, Rodriguez agreed to plead no contest to counts one through fifty in case number 01-2298 in exchange for the State's filing a nolle prosequi to counts fifty-one through four hundred. In case number 01-2298, the trial court sentenced Rodriguez to a combination of concurrent and consecutive sentences totaling twenty years in prison and ten years on probation. In case number 89-4852, Rodriguez admitted to violating probation and the trial court sentenced him to a twenty-year prison sentence followed by ten years' probation to run concurrently with the sentence imposed in case number 01-2298. His judgments and sentences in case numbers 89-4852 and 01-2298 were affirmed on direct appeal. See Rodriguez v. State, 860 So.2d 422 (Fla. 2d DCA 2003) (table).
Rodriguez's first claim in his rule 3.850 motion asserts that trial counsel failed to object when the trial court sentenced him to an upward departure sentence in case number 89-4852 without providing written reasons for the departure. Case number 89-4852 is governed by the sentencing guidelines of Florida Rule of Criminal Procedure 3.701. Rodriguez's original sentencing guidelines score placed him in the recommended range of 7-9 years and a permitted range of 5.5-12 years in prison. Because Rodriguez violated probation, the trial court was permitted to increase his sentence by a one-cell bump, see Fla. R.Crim. P. 3.701(d)(14), which placed him in the recommended range of 9-12 years and a permitted range of 7-17 years in prison. Therefore, in order for the trial court to sentence him to twenty years in prison, it would have had to provide written reasons for the departure.
The postconviction court denied this claim as conclusively refuted by the record because a written reason was provided. Although the postconviction court is correct that a written reason was provided, the reason does not support an upward departure. Based on the record before us, the trial court's only reason for upward departure was that Rodriguez violated probation. "[A ]ny departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines." Ree v. State, 565 So.2d 1329, 1331 (Fla. 1990), abrogation on other grounds recognized in State v. Williams, 667 So.2d 191 (Fla.1996); Lambert v. State, 545 So.2d 838, 842 (Fla.1989). Therefore, it was incorrect for the trial court to base the upward departure on the violation of probation, and counsel was ineffective for not objecting. Because Rodriguez presents a facially sufficient claim that is unrefuted by the record attachments, we reverse. On remand, the postconviction court should either attach other portions of the record conclusively refuting Rodriguez's claim or resentence Rodriguez to a guideline sentence in case number 89-4852. See Shull v. Dugger, 515 So.2d 748, 749 (Fla.1987) (holding that "when all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines").
As to Rodriguez's second and third claims, which appear to be facially sufficient, the postconviction court simply denied these two claims as legally meritless without providing any supporting rationale *1290 or attaching any portions of the record. To support a summary denial of postconviction relief, the postconviction court must provide specific reasons for such denial or attach those supporting portions of the record that conclusively refute the defendant's allegations. See Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993). Therefore, we reverse for the postconviction court to either attach portions of the record conclusively refuting claims two and three or conduct an evidentiary hearing.
Rodriguez's fourth claim is that counsel misadvised him regarding an available defense that he did not "knowingly" possess the illicit material. The postconviction court summarily denied this claim, finding that the claim was "merely an attempt to relitigate the sufficiency of the evidence presented but recast as an ineffective assistance of counsel claim." This was error. Counsel's misadvice concerning available defenses during the plea process can give rise to ineffective assistance of counsel claims. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004); Brunson v. State, 605 So.2d 1006, 1007 (Fla. 1st DCA 1992). Therefore, we reverse for the postconviction court to attach portions of the record conclusively refuting Rodriguez's fourth claim or conduct an evidentiary hearing. Anderson, 627 So.2d at 1171.
Reversed and remanded for further proceedings.
SILBERMAN and CANADY, JJ., Concur.