957 So.2d 691 (2007)
Vanterpool RUDDER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0548.
District Court of Appeal of Florida, First District.
May 4, 2007.
Robert Augustus Harper, Robert Augustus Harper, III, and Jonathan Mitchell Kester of Harper & Harper Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of a final order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised five grounds in his motion. We affirm the summary denial as to four of those grounds without discussion. However, because the order and attachments do not show conclusively that appellant is entitled to no relief as to one ground, we are constrained to reverse the order to that extent.
In his fourth ground, appellant claimed that his trial counsel had been ineffective *692 in failing to advise him that his convictions for trafficking in cocaine, possession of cocaine and possession of cocaine while on the grounds of a county detention facility violated the double jeopardy clauses of the state and federal constitutions because all three charges arose out of a single episode and involved the same cocaine, thereby rendering his plea to those charges involuntary. This claim was legally sufficient on its face. See Upshaw v. State, 840 So.2d 1064 (Fla. 1st DCA 2003). The documents attached to the order summarily denying relief do not show conclusively that appellant is entitled to no relief on this claim. Accordingly, we reverse as to this (fourth) claim only. Should the trial court on remand again decide to deny the claim summarily, it shall attach to its order those portions of the record that show conclusively that appellant is entitled to no relief; otherwise, it shall hold an evidentiary hearing. We affirm the summary denial of all other claims raised.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER, and BENTON, JJ., concur.