SILBERMAN, Judge.
 

 Charles Labarbara, pro se, appeals his judgments and sentences for three counts of robbery with a weapon and three counts of false imprisonment. We affirm the judgments and sentences for count one and counts three through six. We reverse and remand for the trial court to vacate the judgment and sentence for robbery with a weapon for count two on double jeopardy grounds. We affirm without discussion the remaining two points Labar-bara raises on appeal.
 

 These charges arose when Labarbara entered an Xtreme Juice store with the intent to rob it. When he entered, three young employees were present, Emily, Christine, and Kate. Count one of the information charges that Labarbara took “U.S. Currency and a motor vehicle, the value of said property being” $300 or more but less than $20,000 from the person or custody of Emily. Count two charges that Labarbara took United States currency of $300 or more but less than $20,000 from the person or custody of Christine. Count three charges that Labarbara took United States currency of $300 or more but less than $20,000 from the person or custody of Kate.
 

 Labarbara argues that the convictions for three counts of robbery with a weapon violate the prohibition against double jeopardy. He argues that his intent when entering Xtreme Juice was to rob the clerk of the store proceeds and that it was “a single taking with a singular intent to rob.”
 

 The State contends that we should affirm on this issue because Labarbara did
 
 *803
 
 not raise a double jeopardy claim in the trial court. Labarbara did not knowingly waive this claim in the trial court, and a violation of the constitutional prohibition against double jeopardy is fundamental error that can be raised for the first time on appeal.
 
 See State v. Johnson,
 
 483 So.2d 420, 422 (Fla.1986);
 
 Johnson v. State,
 
 747 So.2d 1027, 1028 (Fla. 2d DCA 1999);
 
 see also Butler v. State,
 
 711 So.2d 1183, 1184 (Fla. 1st DCA 1998) (stating that Butler “did not waive his double jeopardy claim arising from the multiple robbery convictions and sentences by his failure to raise it before the trial court”),
 
 approved,
 
 735 So.2d 481 (Fla.1999).
 

 In
 
 Brown v. State,
 
 430 So.2d 446 (Fla.1983), the Florida Supreme Court determined that two robbery convictions were proper when Brown robbed a retail store by taking money by force from two employees at two separate cash registers.
 

 The court explained that
 

 the money taken by the defendant belonged to a single owner, but it was taken by force, violence, assault, or putting in fear from two separate employees. The taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.
 

 Id.
 
 at 447.
 

 In
 
 Harvey v. State,
 
 693 So.2d 694 (Fla. 2d DCA 1997), Harvey ordered restaurant employees, including the cashier, into the freezer at gunpoint. Harvey then forced the manager to remove money from the cash register and give it to Harvey. Harvey was charged and convicted of an armed robbery of the cashier and an armed robbery of the manager. This court relied upon
 
 Brown
 
 to determine that no separate and distinct taking from the cashier occurred.
 
 Id.
 
 at 695. This court stated, “Because there was only one forceful taking of money from one cash register, only one conviction for armed robbery can stand.”
 
 Id.
 

 In
 
 Atwell v. State,
 
 886 So.2d 421, 422 (Fla. 2d DCA 2004), Atwell and an accomplice held four women at gunpoint during a robbery in a store, and this court reversed one of the four convictions for armed robbery. Atwell ordered Wendy to remove money from the cash register, and the men also took money from three of the women’s purses. The men took no money or property from Kim, the fourth woman. This court determined that Atwell’s conviction for the robbery of Kim had to be vacated when Wendy removed the money from the cash register and the men took no property from Kim’s person or custody.
 
 Id.
 
 at 423.
 

 Here, Labarbara took the store’s money from Kate (count three). He made no separate and distinct taking of the store’s money from Christine. Therefore, there was no separate robbery of Christine with respect to the store’s money.
 
 See Brown,
 
 430 So.2d at 447;
 
 Harvey,
 
 693 So.2d at 695. Although Kate testified that Labarbara took a cell phone from Christine, the State did not charge Labarbara with robbery of a cell phone. Rather, the State specifically charged that he took currency from Christine, and the jury was instructed to determine whether he took money from her. Thus, we reverse and remand for the trial court to vacate the conviction and sentence on count two for the robbery of the store’s money from Christine.
 

 With respect to the conviction and sentence as to the robbery of Emily (count
 
 *804
 
 one), in addition to charging the robbery of United States currency, the State charged that Labarbara robbed Emily of a motor vehicle. The record reflects that this was a separate act with a separate intent from the robbery of the store’s money. After Kate gave the store’s money to Labarbara, he ordered all three of the young women to lie on the floor. He then forcibly asked for a car, and Emily said he could take hers because she was scared that she would be shot. He ordered Kate and Christine to get in the bathroom while Emily stayed in the back room with him. She gave him her car key and he left in her car. This was a separate taking from a separate person.
 
 See Brown,
 
 430 So.2d at 447 (“What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.”); see
 
 also Consiglio v. State,
 
 743 So.2d 1221, 1221 (Fla. 4th DCA 1999) (“We affirm appellant’s convictions for carjacking and robbery against his claim that conviction of both violates double jeopardy, as we conclude that the evidence supports two separate acts and separate property.”),
 
 approved in part and remanded on other grounds,
 
 818 So.2d 467 (Fla.2002). Therefore, we affirm the judgments and sentences for robbery with a weapon in counts one and three.
 

 Accordingly, we reverse and remand for the trial court to vacate the judgment and sentence for robbery with a weapon in count two, and we affirm the judgments and sentences for count one and counts three through six.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and VILLANTI, JJ., Concur.