WALLACE, Judge.
 

 Samuel Flores-Vega appeals the summary denial of all four grounds contained in his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm without discussion the postconviction court’s denial of claim three, but we reverse as to all other grounds and remand for further proceedings.
 

 I. THE RELEVANT PROCEDURAL HISTORY
 

 Mr. Flores-Vega had five separate cases pending before the circuit court. In accordance with a plea agreement, he entered admissions to violating his probation in two of these cases and nolo contendere pleas in the remaining three cases. The current appeal concerns only the three cases in which Mr. Flores-Vega pleaded nolo con-tendere.
 

 In case number CF06-009006-XX, Mr. Flores-Vega was charged with burglary of a dwelling with an assault or battery while armed with a firearm, attempted felony murder, four counts of robbery with a firearm, and three counts of attempted armed robbery. Mr. Flores-Vega entered a nolo contendere plea to the three counts of attempted armed robbery in exchange for the State’s agreement to nolle pros the remaining charges. He was adjudicated guilty and was sentenced as a prison re-leasee reoffender to three concurrent terms of fifteen years’ imprisonment.
 

 In case number CF06-009040-XX, Mr. Flores-Vega was charged with burglary of a dwelling and third-degree grand theft. Mr. Flores-Vega entered a nolo contende-re plea to all charges. He was adjudicated guilty and was sentenced as a prison re-leasee reoffender to concurrent terms of fifteen years’ imprisonment for the burglary and five years’ imprisonment for the grand theft.
 

 In case number CF06-009097-XX, Mr. Flores-Vega was charged with burglary of a conveyance and third-degree grand theft. Mr. Flores-Vega entered a nolo contende-re plea to all charges. He was adjudicated guilty and was sentenced as a prison re-leasee reoffender to two concurrent terms of five years’ imprisonment.
 

 The judgments and sentences for these three cases were rendered on April 16, 2007. The charging documents are not part of the record. Mr. Flores-Vega stipulated to the factual basis, and no description of the facts is detailed in the transcript of the change of plea hearing. The sentences in all five eases were designated to run concurrently with each other.
 

 Mr. Flores-Vega did not appeal his judgments and sentences. On April 7, 2008, Mr. Flores-Vega filed a motion for postconviction relief raising four grounds. The postconviction court summarily denied the motion. We will consider grounds one, two, and four separately below.
 

 II. DISCUSSION
 

 A. Ground One
 
 — Failure
 
 to Inform That State Could Not Establish Pri-ma Facie Case
 

 In ground one of his motion, Mr. Flores-Vega alleged that his trial counsel was ineffective for failing to inform him about available defenses to the charges of burglary of a dwelling with an assault or battery while armed with a firearm, attempted felony murder, robbery with a firearm, attempted armed robbery, and burglary of a dwelling.
 

 Mr. Flores-Vega claimed that his counsel failed to tell him that he could defend
 
 *724
 
 against the charges of burglary of a dwelling with an assault or battery while armed with a firearm, attempted felony murder, and robbery with a firearm. The allegations in Mr. Flores-Vega’s motion indicate that the State might not have been able to prove these charges. The postconviction court denied ground one with regard to these charges because the charges were nolle prossed and Mr. Flores-Vega was not convicted of them. For this reason, the postconviction court concluded that he could not show prejudice. We disagree. The plea form indicates that Mr. Flores-Vega was facing a life sentence on each of these charges. If the State could not present sufficient evidence to support convictions for these charges, the maximum penalty he faced was fifteen years’ imprisonment instead of life imprisonment. Under these circumstances, it is likely that Mr. Flores-Vegas would have rejected a plea agreement where he would be sentenced to fifteen years’ imprisonment in exchange for his plea.
 

 Mr. Flores-Vega also claims that counsel did not tell him that he could defend the charges of attempted armed robbery on the ground that the victims could not identify what he had attempted to take.
 
 [1]
 
 With regard to the charge of burglary of a dwelling, Mr. Flores-Vega contends that counsel did not tell him he could argue that he did not enter the dwelling with the intent to commit an offense.
 

 The postconviction court summarily denied ground one with regard to the charges of attempted armed robbery and burglary of a dwelling because it was “simply a creative attempt at arguing the sufficiency of the evidence inappropriately couched in terms of ineffective assistance of counsel.” However, this court reversed the summary denial of a similar claim where the defendant alleged that counsel was ineffective for failing to inform him that the State could not prove that he possessed child pornography because he lacked the requisite
 
 mens rea. Rodriguez v. State,
 
 932 So.2d 1287, 1290 (Fla. 2d DCA 2006). We held that “[cjounsel’s misadvice concerning available defenses during the plea process can give rise to ineffective assistance of counsel claims.”
 
 Id.
 
 Thus we reverse the summary denial of the motion’s ground one and remand for further proceedings.
 

 B. Ground Two
 
 — Failure
 
 to Inform About Double Jeopardy Issues
 

 In ground two of his motion, Mr. Flores-Vega claimed that trial counsel was ineffective for failing to advise him that he could not be convicted of the multiple charges of robbery with a firearm and the multiple charges of attempted armed robbery because the information alleged a single taking during a single criminal episode. Mr. Flores-Vega stated that but for counsel’s ineffectiveness, he would not have entered the plea and would have proceeded to trial. Thus Mr. Flores-Vega raised a facially sufficient claim.
 
 See Weitz v. State,
 
 795 So.2d 1021, 1022-23 (Fla. 2d DCA 2001).
 

 The posteonviction court summarily denied this claim because it was “refuted by the case law.” The postconviction court cited
 
 Palmer v. State,
 
 438 So.2d 1 (Fla.1983),
 
 superseded by statute/rule as stated in Suarez v. State,
 
 464 So.2d 259 (Fla. 2d DCA 1985),
 
 approved,
 
 485 So.2d 1283 (Fla.1986), to support this proposition. However,
 
 Palmer
 
 did not involve a single taking and did not address a double jeopardy claim. 438 So.2d at 2-3. The dispositive issue in a double jeopardy claim
 
 *725
 
 involving robbery charges “ ‘is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.’ ”
 
 Labarbara v. State,
 
 5 So.3d 801, 803 (Fla. 2d DCA 2009) (quoting
 
 Brown v. State,
 
 430 So.2d 446, 447 (Fla.1983)). Where a single taking from multiple victims occurs, the defendant may properly be charged for only one count of robbery.
 
 Brown v. State,
 
 1 So.3d 1231, 1233 (Fla. 2d DCA 2009). Thus dual convictions for attempted armed robbery based on a single taking would violate double jeopardy.
 
 Cf. Schulterbrandt v. State,
 
 984 So.2d 542, 544 (Fla. 2d DCA 2008) (“[W]e conclude that Schul-terbrandt’s dual convictions for attempted home-invasion robbery based on a single home invasion violated double jeopardy.”).
 

 Accordingly, because the limited record before us does not conclusively refute Mr. Flores-Vega’s claim that the charged crimes involved a single taking, we reverse the summary denial of ground two and remand for further proceedings.
 
 See Weitz,
 
 795 So.2d at 1023.
 

 C. Ground Four
 
 — Counsel’s
 
 Misadvice Concerning Plea
 

 In ground four of his motion, Mr. Flores-Vega claimed that counsel was ineffective for misadvising him that several cases would be dismissed as a result of his plea. He alleged that he admitted the violations of probation and entered a plea to the burglary of a dwelling with an assault or battery while armed with a firearm in case number CF06-009006-XX based on the understanding that the other two cases would be dismissed. The post-conviction court summarily denied this claim because the transcript of the plea hearing showed that Mr. Flores-Vega knew the nature of his pleas. However, the transcript of the plea hearing does not reveal the content of any communications between defense counsel and Mr. Flores-Vega. In fact, nothing in the record refutes Mr. Flores-Vega’s allegation that counsel told him that several cases would be dismissed as a result of his plea. Because Mr. Flores-Vega’s motion is facially sufficient and is not conclusively refuted by the record, the circuit court erred when it summarily denied this ground.
 
 See Roberti v. State,
 
 782 So.2d 919, 920 (Fla. 2d DCA 2001) (“Affirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea.”). Accordingly, we reverse the summary denial of ground four and remand for further proceedings.
 

 III. CONCLUSION
 

 For these reasons, we reverse the post-conviction court’s order to the extent that it summarily denied claims one, two, and four of Mr. Flores-Vega’s motion, and we remand for further proceedings consistent with this opinion. Unless the record conclusively refutes these claims, the postcon-viction court shall conduct an evidentiary hearing. If the postconviction court again summarily denies any of these three claims, it must attach portions of the record that conclusively refute the claim.
 
 See Chandler v. State,
 
 843 So.2d 1046, 1047 (Fla. 2d DCA 2003). In all other respects, we affirm the postconviction court’s order.
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER and NORTHCUTT, JJ., Concur.
 

 [1]
 

 . Mr. Flores-Vega's double jeopardy argument concerning the attempted armed robbery charges is addressed in the discussion of ground two of his motion.