CRENSHAW, Judge.
Kyle Tapp appeals the partial summary denial and partial dismissal of his Florida Rule of Criminal Procedure 3.850 motion. We affirm without comment the summary disposition of claims one, two, four, and *667 five, but we reverse and remand as to claim three.
In claim three, Tapp alleges that his counsel was ineffective for failing to advise him that two out of his three convictions for fleeing or eluding violated the prohibition against double jeopardy. He contends that the facts alleged in the information arose from the same criminal act or transaction and that but for counsel’s ineffectiveness, he would have gone to trial instead of pleading guilty.
Citing Novaton v. State, 634 So.2d 607 (Fla.1994), the postconviction court summarily denied the claim, finding that by pleading guilty, Tapp “accepted the charges and waived his right to raise double jeopardy claims with respect to those charges.” See Novaton, 634 So.2d at 609 (holding that a defendant who enters into a plea bargain with the State waives “any double jeopardy claim that may affect either his convictions or his sentences”). However, in Weitz v. State, 795 So.2d 1021, 1023 (Fla. 2d DCA 2001), this court held that Novaton is inapplicable to an allegation of an involuntary plea due to ineffective assistance of counsel for failure to advise of the double jeopardy protection. Unlike Weitz, Novaton “ ‘neither requested] that the agreement be vacated nor claim[ed] that it was invalid because it was not voluntarily and intelligently entered into.’ ” Weitz, 795 So.2d at 1022 (quoting Novaton, 634 So.2d at 609). Therefore, Tapp raises a facially sufficient claim that is cognizable in a rule 3.850 postconviction motion. See Flores-Vega v. State, 22 So.3d 721, 724 (Fla. 2d DCA 2009); Weitz, 795 So.2d at 1022-23.
Because Tapp’s allegation is not refuted by the record, we reverse and remand as to ground three. On remand, the postcon-viction court should either attach records refuting the allegation to its denial order or hold an evidentiary hearing. We affirm as to Tapp’s other claims without comment.
Affirmed in part, reversed in part, and remanded.
DAVIS and LAROSE, JJ„ concur.