WELLS, Judge.
Derrick Smith appeals from an order denying his Florida Rule of Criminal Procedure 3.850 motion and an order denying his motion for rehearing thereon. While we agree with the trial court that Smith’s motion may be considered as timely filed, we do not agree that his motion is procedurally barred because his claim had to be raised on direct appeal.
Smith was sentenced following a plea during which he waived the right to appeal. Despite the fact that no appeal was available to Smith, he is still entitled to claim, via a Rule 3.850 motion, that his plea was involuntary because his counsel was ineffective purportedly for failing to correctly advise him as to double jeopardy issues arising from the charges against him and the maximum sentence that he faced. See Flores-Vega v. State, 22 So.3d 721, 724-25 (Fla. 2d DCA 2009) (confirming that a defendant may seek to set aside a plea in a Rule 3.850 motion claiming that counsel was ineffective for failing to advise that double jeopardy barred conviction for all of the pending charges); Barnhill v. State, 828 So.2d 405, 407 (Fla. 5th DCA 2002) (confirming that challenges may be made to guilty pleas on “allegations regarding the ineffective assistance of defense counsel in counsel’s efforts to represent the defendant during the plea proceedings”); see also Pennington v. State, 34 So.3d 151, 155-56 (Fla. 1st DCA 2010) (confirming that attorneys are required to inform their clients of the maximum sentences they may face when advising them as to whether to accept or reject a plea offer);. Golden v. State, 509 So.2d 1149, 1154 (Fla. 1st DCA 1987) (stating “appellant’s counsel should have accurately determined the maximum sentence to which his client would be subjected upon a guilty plea and informed appellant of it before entry of the plea”).
We therefore reverse the orders on appeal and remand for consideration of Smith’s claims on the merits and for an evidentiary hearing on same if appropriate.
Reversed and remanded.