PER CURIAM.
The appellant appeals the trial court’s order denying his postconviction motion, which argued, among other claims, that his trial counsel was ineffective because he failed to advise the appellant that double jeopardy precluded multiple convictions for possession of a firearm and ammunition by a convicted felon, thus rendering his plea involuntary. The trial court denied the motion basically because the appellant entered a plea.
Notwithstanding the negotiated plea, the appellant’s claims are cognizable. See Cox v. State, 908 So.2d 1146 (Fla. 1st DCA 2005); Pearson v. State, 867 So.2d 517 (Fla. 1st DCA 2004). Furthermore, we conclude these claims are facially sufficient. See Hill v. State, 711 So.2d 1221 (Fla. 1st DCA 1998); Francis v. State, 41 So.3d 975 (Fla. 5th DCA 2010); Boyd v. State, 17 So.3d 812 (Fla. 4th DCA 2009).
Whether the appellant would have forgone his favorable plea in light of the life sentences he otherwise faced is a question that should be resolved at an evidentiary hearing.
We therefore reverse and remand for further proceeding on the double jeopardy issues. The order is otherwise affirmed.
WOLF and OSTERHAUS, JJ„ concur; MAKAR, J., concurs in part and dissents in part with Opinion.