NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RAYMOND E. KIDDER, )
)
       Appellant, )
)
v. )    Case No. 2D16-608
)
STATE OF FLORIDA, )
)
       Appellee. )
_____)

Opinion filed March 22, 2017.

Appeal from the Circuit Court for Sarasota
County; Donna Padar Berlin, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.

NORTHCUTT, Judge.

       Raymond Kidder appeals his judgment and sentences following his no

contest plea to using a computer to seduce, solicit, or lure a child; traveling to meet a

minor after using a computer to seduce, solicit, or lure a child; and attempted lewd and

lascivious molestation of a child between twelve and eighteen by an individual less than

eighteen. Mr. Kidder correctly argues that his convictions and sentences for using a computer to seduce, solicit, or lure a child under section 847.0135(3)(b), Florida Statutes (2013), and traveling to meet a minor after using a computer to seduce, solicit, or lure a child under section 847.0135(4)(b) violated the prohibition against double jeopardy. See State v. Shelley, 176 So. 3d 914 (Fla. 2015); Mahar v. State, 190 So. 3d 1123 (Fla. 2d DCA 2016) (following Shelley). The State concedes error, and Mr. Kidder and the State request that we reverse Mr. Kidder's judgment and sentence for the soliciting offense, the lesser of the two offenses.

Because Mr. Kidder's judgment and sentences were the result of a plea bargain, he is not entitled to the requested relief. See Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994). Accordingly, we affirm Mr. Kidder's judgment and sentences without prejudice to any right he may have to pursue a claim for postconviction relief related to the double jeopardy violation. See Tapp v. State, 44 So. 3d 666, 667 (Fla. 2d DCA 2010); Weitz v. State, 795 So. 2d 1021, 1022-23 (Fla. 2d DCA 2001). We caution Mr. Kidder that such relief would result in the loss of the benefit of his plea bargain.

Affirmed.

MORRIS and CRENSHAW, JJ., Concur.