958 So.2d 1125 (2007)
Brandon A. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4839.
District Court of Appeal of Florida, Second District.
June 22, 2007.
*1126 NORTHCUTT, Judge.
Brandon A. Brown appeals the summary denial of his motion for postconviction relief. The postconviction court treated the motion as filed pursuant to Florida Rule of Criminal Procedure 3.850 and summarily denied the motion on the merits. We reverse and remand for further proceedings consistent with this opinion.
After entering a non-negotiated guilty plea, Brown was sentenced on sundry charges that included four counts of robbery. In his motion for postconviction relief, Brown raised two claims. First, he contended that his double jeopardy rights were violated because two of the robbery convictions, under counts four and five, involved only one victim during one criminal episode. Second, Brown asserted that his trial counsel was ineffective for failing to research his double jeopardy claim and to object to the violation. The postconviction court, relying on the information setting forth the charges against Brown, determined that the two counts involved two separate victims and supported two separate robbery convictions. Therefore, the postconviction court concluded that Brown's convictions and sentences under both counts did not violate his double jeopardy rights and that counsel was not ineffective.
The order summarily denying Brown's motion for relief included no attachments, such as a plea colloquy transcript, to refute Brown's claim that the two counts stemmed from only one robbery involving only one victim.[1] Accordingly, we reverse the summary denial and remand for further proceedings. If, on remand, the postconviction court again summarily denies Brown's motion, it shall attach to its order portions of the record demonstrating that Brown is not entitled to relief. Otherwise, the court must conduct an evidentiary hearing on his claims.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] We note that Brown provided this court with a statement by the victim alleged in count five of the information which indicates that the victim merely observed the robbery from the convenience store's back room.