966 So.2d 447 (2007)
Tavaris NESBITT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-623.
District Court of Appeal of Florida, Second District.
September 28, 2007.
WHATLEY, Judge.
Tavaris Nesbitt appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court's denial of all Nesbitt's claims, save one, without comment. We reverse the denial of claim eight and remand for further proceedings.
Nesbitt entered an open plea of guilty to two counts of armed robbery and one *448 count of armed burglary of a conveyance. In claim eight, Nesbitt claims that his two convictions for armed robbery violate his constitutional protection from double jeopardy because they occurred during the same criminal episode and the State charged him with taking the same itema purse and its contentsin each. In summarily denying the claim, the postconviction court attached a copy of the felony information and found that the convictions did not violate the protection from double jeopardy because each charge of armed robbery identified a different victim. See Hillman v. State, 410 So.2d 180, 181 (Fla. 2d DCA 1982) (holding that "two robberies of different people at the same time are two separate offenses calling for two judgments and two sentences" when the defendants were convicted of taking a grandfather's wallet, pistol, and car, and taking a grandson's fishing equipment) (citing Hearn v. State, 55 So.2d 559 (Fla.1951)).
Although the information charged Nesbitt with separate robberies of two different victims, it described the purse that was taken from them as the property of only one of the victims. If Nesbitt took a single purse, there could only be a single "taking" and, consequently, only a single armed robbery. See § 812.13(1), Fla. Stat. (2004). Furthermore, it is improbable that two separate victims could have had possession of a single purse during Nesbitt's criminal actions, but it seems equally improbable that both victims carried separate purses belonging to one victim. See id. In any event, the information is insufficient to conclusively refute Nesbitt's claims, and the limited record before this court contains no further pertinent information.
Accordingly, we reverse the denial of this claim and remand for further proceedings. On remand, the postconviction court may attach documents that conclusively refute this claim or, if necessary, conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KELLY, JJ., Concur.