965 So.2d 1242 (2007)
Brandon DEMPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1767.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he claims ineffective assistance *1243 of counsel for failing to object to the scoring of offenses which should have been barred by double jeopardy concerns. As the record does not conclusively refute his allegations, we reverse.
Brandon Demps pled and was adjudicated guilty in three separate 1999 prosecutions for possession of marijuana, two counts of armed robbery in one incident, and two counts of armed robbery in another incident. He was sentenced in 2000 to a total of 157.425 months in prison, the lowest permissible sentence on the criminal punishment code scoresheet. No direct appeal was filed. Demps was permitted by trial court order to file a belated rule 3.850 motion.
Demps alleges ineffective assistance of counsel in failing to ensure that his scoresheet did not contain offenses that were barred from scoring by double jeopardy, as his two cases of armed robbery contained two counts, each of which involved one continuous criminal episode. Eliminating two counts (one from each case) from his scoresheet would have reduced his lowest permissible prison sentence by about half. He claims that since the judge sentenced him to the lowest permissible prison sentence, the inclusion of prior record points required resentencing.
In case 99-3490, appellant robbed a Latin American Supermarket in Pompano Beach, carrying a firearm. The victims were two clerks, Hasan Abdin and Evelyn Bidamaime. In case 99-4359, appellant robbed a Fina Gas Station in Pompano Beach, and the victims were Louis Diaz and Alfredo Bolanos. Appellant was alleged to have taken money from the gas station as well as Bolanos personally. However, in both incidents appellant took money from only one person, even though some of it was personal money of the employee and some was that of the employer. Appellant maintains that only one count of robbery is proper when there is a taking of property from one victim, even if the property belonged to different owners. See Butler v. State, 711 So.2d 1183 (Fla. 1st DCA 1998) (holding that defendant was improperly convicted of two counts of armed robbery when he took property of convenience store and of store employee, where taking was "during one continuous episode"); Anderson v. State, 639 So.2d 192 (Fla. 4th DCA 1994); Morgan v. State, 407 So.2d 962 (Fla. 4th DCA 1981).
The state's response to our order to show cause does not clear up the record as to whether these two counts were barred by double jeopardy and whether this constituted ineffective assistance of counsel. Nothing in the informations filed or the proffer made to support the pleas contradicts appellant's specific assertions that each case involved only one robbery. There is nothing in the record to show that separate money was taken from separate cash registers over which only one employee but not the other had control, as in Brown v. State, 430 So.2d 446 (Fla.1983), the case the trial court cited but which is distinguishable.
A defendant who enters a general or open plea does not waive double jeopardy claims. Novaton v. State, 634 So.2d 607 (Fla.1994). See also Ford v. State, 849 So.2d 477 (Fla. 4th DCA 2003). In this case, appellant made an open plea to the court. Therefore, the claim that trial counsel was ineffective in failing to raise the double jeopardy violation, which would have reduced his lowest permissible sentence, has not been conclusively refuted by the record before us. See Brown v. State, 958 So.2d 1125 (Fla. 2d DCA 2007).
We reverse the denial of appellant's motion and remand for attachment of records *1244 conclusively refuting the allegations or for an evidentiary hearing.
FARMER and KLEIN, JJ., concur.