*1232
 
 STRINGER, Judge.
 

 Brandon A. Brown appeals from the second summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reversed the postconviction court’s first summary denial of the motion because the order did not include any attachments to refute Brown’s double jeopardy claims.
 
 See Brown v. State,
 
 958 So.2d 1125, 1126 (Fla. 2d DCA 2007). On remand, the post-conviction court again found no double jeopardy violation and summarily denied the motion, attaching to the order the information and a transcript of the plea colloquy. After reviewing Brown’s motion, the second summary denial with attachments, the record, and the State’s argument on appeal, we conclude the attachments do not refute and in fact establish Brown’s double jeopardy claim. Accordingly, we reverse the order denying Brown’s motion for postconviction relief.
 

 Brown entered an open guilty plea to four counts of robbery with a firearm, one count of carjacking, and one count of possession of cocaine. In his motion for post-conviction relief, Brown raised two claims for relief based on double jeopardy. First, Brown contended that two of the robbery convictions, counts four and five, involved only one taking from one victim during one criminal episode. Second, Brown asserted that his trial counsel was ineffective for failing to research the double jeopardy claim and object to the violation.
 

 A defendant may properly raise a double jeopardy claim in a 3.850 motion even after pleading guilty.
 
 See Coughlin v. State,
 
 932 So.2d 1224,1226 (Fla. 2d DCA 2006);
 
 Plowman v. State,
 
 586 So.2d 454, 455 (Fla. 2d DCA 1991). While a guilty plea and adjudication of guilt generally precludes a later double jeopardy attack, an exception applies when the plea is a general or open plea, the double jeopardy is apparent from the face of the record, and there is nothing in the record to indicate a waiver of double jeopardy.
 
 Novaton v. State,
 
 634 So.2d 607, 609 (Fla.1994);
 
 Demps v. State,
 
 965 So.2d 1242, 1243 (Fla. 4th DCA 2007).
 

 In this case, the factual basis for counts four and five offered at the plea colloquy describe only a single taking: “Mr. Brown possessed a gun at that time and pointed the gun against the clerk, the victim in Count Four, Diane Minton, the victim in Count Five, Scott Henderson, and grabbed
 
 an
 
 amount of cash from
 
 the
 
 register.” (Emphasis added.) The post-
 
 *1233
 
 conviction court found in its second summary denial that counts four and five are based on two separate robberies because there were two separate victims. This was error.
 

 A single taking from one register supports only one charge, and the presence of two employees does not transform one robbery into two.
 
 Lundy v. State,
 
 614 So.2d 674 (Fla. 2d DCA 1993) (reversing one of two charges for armed robbery after finding only one taking even after defendant pointed a gun at two different employees of the restaurant);
 
 see also Nesbitt v. State,
 
 966 So.2d 447, 448 (Fla. 2d DCA 2007) (“If Nesbitt took a single purse, there could only be a single ‘taking’ and, consequently, only a single armed robbery.”). The record in this case does not support two separate robberies in counts four and five, and the double jeopardy violation is thus apparent from the record in this case. Further, there is no indication in the record that Brown waived the double jeopardy claim.
 

 The record attachments supplied by the postconviction court fail to refute and actually establish Brown’s double jeopardy claim. Accordingly, we reverse the order denying Brown’s motion for postconviction relief and remand for the court to vacate the adjudication of guilt and sentence on count five.
 
 See Rodriguez v. State,
 
 875 So.2d 642, 645-46 (Fla. 2d DCA 2004) (setting out the proper remedy for a double jeopardy violation). Brown shall be resen-tenced pursuant to a corrected score sheet. In light of our determination as to Brown’s first claim, we decline to address Brown’s claim of ineffective assistance of counsel.
 

 Reversed and remanded with directions.
 

 KELLY and WALLACE, JJ., Concur.