PER CURIAM.
 

 The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one and two without further comment. However, for the reasons discussed below, we reverse and remand the denial of ground three for the trial court to attach records conclusively refuting the claim or to hold an evidentiary hearing.
 

 Following a jury trial, the appellant was convicted of trafficking in more than 28 but less than 200 grams of methamphetamine (count one), manufacture of methamphetamine (count two), possession of methamphetamine with intent to sell (count three), possession of listed chemicals with intent to manufacture methamphetamine (count four) and conspiracy to manufacture methamphetamine (count five). In ground three, the appellant asserts that counsel was ineffective for failing to move for dismissal of count three because dual convictions for trafficking in methamphetamine and possession of methamphetamine with intent to sell violate double jeopardy principles. The trial court denied the claim because it found
 
 *147
 
 that counsel had raised the issue below. However, counsel only objected on double jeopardy grounds to the convictions for counts one and two. He did not object to the convictions for counts one and three.
 

 The supreme court has held that convictions for both trafficking in cocaine and possession of cocaine with intent to sell based on the same quantum of cocaine violate double jeopardy.
 
 Johnson v. State,
 
 712 So.2d 380 (Fla.1998). Thus, if the appellant’s convictions for trafficking in methamphetamine and possession of methamphetamine with intent to sell arise from the
 
 possession
 
 of the same quantum of methamphetamine the convictions would violate double jeopardy.
 
 Id.; see also Gibbs v. State,
 
 698 So.2d 1206, 1209-1210 (Fla.1997) (noting that defendant could not be convicted of trafficking possession and possession of same quantum of drug, although defendant could be convicted of trafficking sale and simple possession);
 
 Melton v. State,
 
 73 So.3d 296 (Fla. 1st DCA 2011) (“We do however, agree that Appellant could not be convicted o[f] [sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver methamphetamine in violation of section 893.13] and [trafficking in methamphetamine in violation of section 893.135] when the underlying conduct, i.e., possession, was the same for both offenses.”). If so, the appellant’s claim of ineffective assistance of counsel could have merit.
 
 Cf. Brown v. State,
 
 958 So.2d 1125 (Fla. 2d DCA 2007) (reversing summary denial of claim that counsel was ineffective for failing to object to convictions for two counts of robbery involving only one victim and one episode, where record did not conclusively refute the claim).
 

 Accordingly we AFFIRM the denial of grounds one and two, but REVERSE and REMAND ground three for the trial court to attach record portions conclusively demonstrating the appellant is not entitled to relief or to hold an evidentiary hearing.
 

 WOLF, HAWKES, and ROBERTS, JJ., concur.