NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PHILLIP L. AUSTIN, JR.,                    )
                                           )
              Appellant,                   )
                                           )
v.                                         )        Case No. 2D15-5703
                                           )
STATE OF FLORIDA,                          )
                                           )
              Appellee.                    )
_____)

Opinion filed November 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Phillip L. Austin, Jr., pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Phillip L. Austin, Jr., appeals the postconviction court's order denying his

motion filed under Florida Rule of Criminal Procedure 3.850. In his motion, Austin

alleged eleven grounds for relief. Following a hearing on some of the grounds, the

postconviction court entered an order denying the motion in its entirety. We affirm the

denial of grounds one through ten without comment. However, as to ground eleven, we reverse.

In ground eleven, Austin alleged counsel was ineffective for failing to move for a judgment of acquittal on one of Austin's two robbery with a firearm charges. He insisted that the charges stemmed from a single criminal transaction and the facts only supported a single charge because there was a single taking of property. The postconviction court summarily denied this claim, reasoning that double jeopardy was not violated because there were multiple victims.

This reasoning is insufficient to conclusively refute Austin's claim. Generally, "separate convictions for different offenses involving multiple victims who are killed or injured during the same episode do not violate double jeopardy." Sears v. State, 790 So. 2d 1154, 1155 (Fla. 2d DCA 2001). However, the record shows that Austin's two armed robbery convictions stemmed from a single criminal transaction in which there was a single taking from a single register, involving multiple uses of force against two different employees. "A single taking from one register supports only one charge, and the presence of two employees does not transform one robbery into two." Brown v. State, 1 So. 3d 1231, 1233 (Fla. 2d DCA 2009). When presented with multiple armed robbery charges like those presented by this case, a court must inquire "whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction." Brown v. State, 430 So. 2d 446, 447 (Fla. 1983). Accordingly, the fact that there were multiple victims does not by itself refute Austin's claim.

Therefore, we reverse the denial of ground eleven and remand to the postconviction court to hold an evidentiary hearing or attach portions of the record that conclusively refute Austin's claim.

Affirmed in part, reversed in part, and remanded.

WALLACE, and ROTHSTEIN-YOUAKIM, JJ., Concur.