649 So.2d 255 (1994)
Emmane MAZARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1490.
District Court of Appeal of Florida, Third District.
December 28, 1994.
Rehearing Denied February 15, 1995.
*256 Soven & Wax and Alan R. Soven, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Emmane Mazard, appeals from his judgment of conviction for aggravated battery with the use of a firearm and from the subsequent denial of his motion for post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm both his original conviction and sentence, and the denial of his motion for post conviction relief.
The defendant was charged by information with aggravated battery with a firearm. After trial by jury, he was found guilty as charged and sentenced. Subsequently, the defendant filed a motion for post conviction relief wherein he sought to vacate and set aside the judgment and sentence on the basis of ineffective assistance of trial counsel. The trial court held an evidentiary hearing. Based on the evidence presented, the court found that the alleged deficiencies in representation raised by the defendant did not constitute ineffective assistance of trial counsel but, rather, conscious, strategic, and tactical decisions. Consequently, the trial court denied the motion for post conviction relief, and this appeal follows.
In support of his appeal, the defendant cites several alleged errors and omissions of trial counsel and contends that he was denied a fair trial. In the alternative, he argues that if these deficiencies individually were insufficient to deprive him of a fair trial, then the cumulative effect of all the errors was enough to rise to the level of fundamental error.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set out the two-pronged standard of review for ineffective assistance of trial counsel:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v. State, 452 So.2d 533 (Fla. 1984); State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA 1985).
With regard to the application of the first prong of the test, the Strickland court cautioned:
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense to conclude that a particular act or omission of counsel was unreasonable... . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy."
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted).
In this case, the court below held an evidentiary hearing on the issue of ineffective assistance of trial counsel. At this hearing, both the defendant and trial counsel gave sworn testimony. A review of the transcript shows that trial counsel's testimony substantiated each of the alleged errors or omissions as defense tactics. Consequently, the defendant was unable to overcome "the presumption *257 that under the circumstances, the challenged action `might be considered sound trial strategy'." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (quoting Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).
The court below properly applied the Strickland standard and found that the decisions made by trial counsel were not inadvertence or mistake, but rather, trial strategy and defense tactics. "Tactical or strategic decisions of counsel do not justify post conviction relief on the grounds of ineffective assistance of counsel." Gonzalez v. State, 579 So.2d 145, 146 (Fla. 3d DCA 1991) (citations omitted). Therefore, the trial court correctly denied the defendant's motion for post conviction relief.
Similarly, we agree with the trial court's conclusion that trial counsel's acts were governed by a defense strategy. Therefore, we must conclude that, taken as a whole, these decisions neither rose to the level of fundamental error nor deprived the defendant of the fundamental right to due process and the right to a fair trial. Townsend v. State, 635 So.2d 949 (Fla. 1994).
Since we agree with the trial court's findings that trial counsel's representation was reasonable, adequate, and effective, we do not need to reach the second prong of the Strickland test.
Accordingly, we affirm.