W. SHARP, J.
Jessie appeals the trial court’s order which summarily denied his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He seeks to challenge his convictions of robbery, burglary of a dwelling with assault or battery, kidnapping and grand theft of a motor vehicle. We affirm.
Jessie first argues his trial counsel was ineffective for failing to present certain character and expert witnesses whose testimony would allegedly have led the jury to acquit him. They were witnesses who would have testified Jessie had a drug abuse problem and often earned money as a prostitute in the motel where the crimes took place. However, Jessie admits he discussed with trial counsel how such evidence would adversely affect his credibility before a jury. The trial court concluded that in deciding not to present that evidence, Jessie’s trial counsel made an informed “tactical choice” within the standard of competency expected of defense counsel. See Lightbourne v. State, 471 So.2d 27 (Fla.1985). We find no error.[1]
Secondly, Jessie argues his trial counsel was ineffective for failing to argue at a suppression hearing and at trial that the police lacked probable cause to arrest him. The absence of probable cause for an arrest is an issue that could have and should have been raised on direct appeal, and it is accordingly not a viable basis for post-conviction relief. See Fisher v. State, 239 So.2d 863 (Fla. 3d DCA 1970). This argument appears to be an attempt to re-litigate substantive *357 matters which should have been presented on direct appeal, under the guise of ineffective assistance of counsel.
In any event, the point is conclusively refuted by the record. Attached to the court’s order is Detective Ring’s affidavit which, as explained in the court’s order, sets forth the circumstances which led him to arrest Jessie. The court summarized them as follows:
1) Officer Roger Brennan’s police report described a uniquely tattooed white man and a black man who burglarized, while armed with a gun, Mr. John Moore’s hotel room, tied up Mr. Moore, and robbed him of cash, credit cards, and a new, tan on green Sebring Convertible; 2) a black man and a uniquely tattooed white man were involved in several robberies recently committed in Orange County; 3) a white female named Tobi Wells was believed to be connected to those men; 4) Joshua Bartle, the uniquely tattooed white man, was arrested at Ms. Wells’ apartment; 5) Ms. Wells consented to a search of her apartment; 6) Mr. Moore’s stolen credit cards were found in Ms. Wells’ apartment; 7) Ms. Wells identified Mr. Bartle and Mr. Jessie as the two men who committed the crimes against Mr. Moore; 8) Ms. Wells told Det. Ring that immediately following the crimes, Mr. Bartle and Mr. Jessie drove Mr. Moore’s stolen car to the 7-11 at Colonial and Westmoreland. Det. Ring independently verified Ms. Wells’ statements in two ways. First, he reviewed the 7-11’s surveillance tape and saw the stolen car and a black man believed to be Nathan Jessie. Second, the 7-11 manager remembered seeing the [sic] Mr. Moore’s car in the parking lot.
That information and Detective Ring’s independent verification of Ms. Wells’ statements more than supply probable cause to arrest Jessie.
AFFIRMED.
ANTOON, J., concurs.
DAUKSCH, J., concurs in conclusion only.

. See Mazard v. State, 649 So.2d 255 (Fla. 3d DCA 1994).