NORTHCUTT, Chief Judge.
 

 Eduardo Bracero was convicted of burglary of a conveyance with an assault or battery and attempted false imprisonment stemming from a somewhat bizarre incident in a mall parking lot. We affirm the convictions without comment, but we must reverse the sentences and remand for re-sentencing before a different judge.
 

 The facts of the crimes are not essential to the issue before us. Suffice to say that Bracero maintained his innocence throughout the proceedings. He testified that he believed the victim had his wallet and that he acted only to retrieve this property. As shown by its verdicts, the jury rejected his theory of defense.
 

 The trial judge also rejected Bracero’s defense, a point he made clear at sentencing. Bracero had no prior record; the lowest recommended sentence on the scoresheet was about three years in prison; and the State made no specific request as far as sentence length but asked for an extended term of probation after prison. Yet the judge imposed sentences of twenty years in prison for the burglary and a consecutive five years in prison for attempted false imprisonment.
 

 Bracero argues, and we agree, that the sentences are fundamentally erroneous because the judge’s comments demonstrated that the lengths of the sentences were improperly based on Bracero’s continued protestations of innocence. The judge began the sentencing hearing with preliminary comments advising Bracero that he would not listen to any claims of innocence or any attempts to insult the victim, which is how the judge viewed Bracero’s defense at trial. Noting that Bracero potentially faced life in prison, the judge announced he had an unspecified range in mind that did not contemplate imposing the maximum possible sentence. “But,” he said, “if I hear any more attempts to slander the victim, the entirely innocent victim in this case, I may reconsider what I just said about the maximum possible sentence.”
 

 Bracero, however, was steadfast in his claims of innocence, which he expressed when given the opportunity to speak. Bracero tried to explain his view that the charges were motivated by a conspiracy and that he was prejudiced by an inadequate police investigation.- The judge finally cut Bracero off and ordered him to have a seat, later telling him not to open his mouth again. The judge advised that the sentences he imposed — a total of twenty-five years in prison — were at the maximum end of the range he had in mind and were motivated in part by Bracero’s attitude and his total lack of remorse.
 

 A sentencing court has wide discretion regarding the factors it may consider when imposing a sentence. But “it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt.”
 
 Ritter v. State,
 
 885 So.2d 413, 414 (Fla. 1st DCA 2004) (finding ineffective assistance based on appellate counsel’s failure to raise due process violation when court had considered criminal defendant’s assertion of innocence at sentencing). “A trial court violates due process by using a protestation of innocence against a defendant.”
 
 Holton v. State,
 
 573 So.2d 284, 292 (Fla.1990). “The fact that a defendant has pled not guilty cannot be
 
 *666
 
 used against him or her during any stage of the proceedings because due process guarantees an individual the right to maim tain innocence even when faced with evidence of overwhelming guilt.”
 
 Id.
 

 The judge’s remarks at Bracero’s sentencing leave no doubt that the court considered Bracero’s claim of innocence as a factor in determining the sentences. This was a violation of due process. Accordingly, we reverse the sentences and remand for resentencing before a different judge.
 

 While this disposition renders Bracero’s last issue moot, we note his argument because it has merit. Bracero contends that the judge erred in failing to sua sponte order a competency evaluation when Bracero’s remarks during the sentencing hearing suggested that he was not competent, something that the judge actually remarked upon. Judges have an independent obligation to order a competency evaluation under Florida Rule of Criminal Procedure 3.210(b) when the court has reasonable ground to believe a criminal defendant is not mentally competent to proceed during a material stage of a criminal proceeding.
 
 See, e.g., Lane v. State,
 
 388 So.2d 1022, 1025 (Fla.1980) (“[T]he trial court has the responsibility to conduct a hearing for competency to stand trial whenever it reasonably appears necessary, whether requested or not, to ensure that a defendant meets the standard of competency ....”). Because we ai*e remanding for further proceedings, defense counsel will have the opportunity to seek a competency determination if such is warranted at the time.
 

 Convictions affirmed; sentences reversed; remanded for resentencing.
 

 VILLANTI and CRENSHAW, JJ., Concur.