KELLY, J.,
Concurring.
I concur in reversing only because I believe we cannot distinguish prior cases from this court and those cases mandate reversal.
The majority opinion cites Ritter and Hannum for the proposition that a trial court cannot consider a defendant’s lack of remorse or unwillingness to admit guilt as an aggravating factor when imposing sentence. Hannum, in turn, cites this court’s decision in Bracero v. State, 10 So.3d 664, 665 (Fla. 2d DCA 2009) (quoting Ritter and holding that “it is constitutionally impermissible for [a sentencing court] to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt”). 13 So.3d at 135-36. This trio of cases, two of which we are bound to follow, stand generally for the proposition that because a defendant has the right to testify at his trial and has the right not to incriminate himself, a sentencing judge violates the defendant’s right to due process if he considers the defendant’s lack of remorse, his failure to take responsibility, or his lack of truthfulness when determining the length of the defendant’s sentence. These cases misconstrue the applicable law.
In Bracero, Hannum, and this case, the defendants testified at trial and during their sentencing hearings. As did the defendant in this case, the defendants in Bracero and Hannum testified in a manner that convinced the trial judge they had been untruthful. In each case the defendants also tried to shift or deflect blame to others. The sentencing judge in each case imposed a sentence that was harsher than the sentence sought by the prosecutor, presumably because of the defendants’ attitude, untruthfulness, lack of remorse, or failure to accept responsibility. In each case this court reversed after concluding that the sentencing judge had violated the defendants’ right to due process when he or she took these factors into account when deciding the length of *184 the defendants’ sentences. In so holding, these cases depart from the principle that a sentencing judge may constitutionally consider an almost unlimited range of information in determining an appropriate sentence. See United States v. Grayson, 438 U.S. 41, 50, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978).
Undeniably, when determining an appropriate sentence there are things the sentencing court may not constitutionally consider. The due process clause of the Fifth Amendment prohibits a judge from relying on materially false or unreliable information, see, e.g., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Valentine, 21 F.3d 395 (11th Cir.1994), or from vindictively inflicting a harsher punishment on the defendant for exercising his constitutional right to trial, see, e.g., North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), or for invoking his privilege against self-incrimination. See, e.g., Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999); United States v. Johnson, 903 F.2d 1084 (7th Cir.1990).[2] When a defendant has invoked his privilege against self-incrimination, and therefore does not testify, the sentencing judge is prohibited from drawing a negative inference, such as lack of remorse, from the defendant’s silence. Mitchell, 526 U.S. at 328-30, 119 S.Ct. 1307 (holding that a sentencing court may not draw an adverse inference from a defendant’s silence at trial or at sentencing). That does not, however, equate to a blanket prohibition against considering a defendant’s lack of remorse. As the court explained in Johnson, 903 F.2d at 1090:
The due process clause of the fifth amendment prohibits a court from punishing a defendant for exercising a constitutional right. There is a distinction, however, between punishing a defendant for exercising his right to remain silent and considering the defendant’s character in determining an appropriate sentence.
[[Image here]]
It is well established that a sentencing judge may consider lack of remorse when imposing a sentence. We recognize that it may sometimes be difficult to distinguish between punishing a defendant for remaining silent and considering a defendant’s failure to show remorse.
(citations omitted); see also Burr v. Pollard, 546 F.3d 828, 832 (7th Cir.2008) (explaining that remorse “is properly considered at sentencing because it speaks to traditional penological interests such as rehabilitation (an indifferent criminal isn’t ready to reform) and deterrence (a remorseful criminal is less likely to return to his old ways)”).
Similarly, a defendant’s right to testify, a necessary corollary of his right to refuse to testify,[3] is not infringed when a sentencing judge penalizes a defendant for untruthful testimony. Once a defendant chooses to testify, he places his credibility at issue, and the sentencing court may *185 take his statements and demeanor into consideration. See Grayson, 438 U.S. at 50, 98 S.Ct. 2610 (“A defendant’s truthfulness or mendacity while testifying on his own behalf, almost without exception, has been deemed probative of his attitudes toward society and prospects for rehabilitation and hence relevant to sentencing.”). In Grayson, the Supreme Court addressed the defendant’s argument that judicial consideration of his conduct at trial impermis-sibly “chills” a defendant’s right to testify on his own behalf:
The right guaranteed by law to a defendant is narrowly the right to testify truthfully in accordance with the oath-unless we are to say that the oath is mere ritual without meaning. This view of the right involved is confirmed by the unquestioned constitutionality of perjury statutes, which punish those who willfully give false testimony.... Assuming, arguendo, that the sentencing judge’s consideration of defendants’ untruthfulness in testifying has any chilling effect on a defendant’s decision to testify falsely, that effect is entirely permissible. There is no protected right to commit perjury.
[[Image here]]
Nothing we say today requires a sentencing judge to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false. Rather, we are reaffirming the authority of a sentencing judge to evaluate carefully a defendant’s testimony on the stand, determine — with a consciousness of the frailty of human judgment— whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society.
438 U.S. at 54-55, 98 S.Ct. 2610. See also Brown v. United States, 356 U.S. 148, 156, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958) (When the defendant decides to testify, “regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination.”); cf. Jenkins v. Anderson, 447 U.S. 231, 238, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (holding that, once a defendant decides to “cast aside his cloak of silence” and testify, the Fifth Amendment is not violated when his earlier silence is used to impeach his credibility).
In concluding that sentencing judges are prohibited from taking a defendant’s untruthfulness or lack of remorse into account in sentencing, Hannum and Bracero rely at least in part on Holton v. State, 573 So.2d 284 (Fla.1991), and City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla.1985). Thus, even if a majority of this court were inclined to recede from Han-num and Bracero, we would be unable to do so. Unless the supreme court revisits its cases, Florida’s judges will continue to be denied the ability to consider conduct that, at least under the Constitution of the United States, they otherwise would be able to take into account when determining the length of a defendant’s sentence.

. This list is not intended to be exhaustive, but rather to list areas where a defendant’s right to due process is implicated.

. In Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), the Court explained that a defendant's right to testify is not only a corollary of his Fifth Amendment guarantee against compelled testimony, it also emanates from the Fourteenth Amendment’s guarantee of due process, i.e., his right to be heard and from the Compulsory Process Clause of the Sixth Amendment, i.e., the right to call “witnesses in his favor." Id. at 51-53, 107 S.Ct. 2704.