SILBERMAN, Judge.
Barry Joseph Johnson seeks review of several orders denying his motion and amended motion for postconviction relief which were filed pursuant to Florida Rule of Criminal Procedure 3.850. The post-conviction court summarily denied claims two through eight, dismissed claim nine, and denied claim one after an evidentiary hearing. We affirm without discussion the denial of all the claims but claim seven. We reverse the denial of that claim and remand for further proceedings.
Johnson was charged with second-degree murder based on evidence that he shot a friend in the back as the friend was walking away from an argument with Johnson. At trial, Johnson testified that he and the victim had a heated argument on the date in question but that no shots were fired. Johnson claimed the victim left the scene and must have been shot by someone else thereafter.
A jury found Johnson guilty as charged, and the trial judge imposed the maximum sentence of life in prison with a minimum mandatory of twenty-five years based on the discharge of a firearm.[1] The judge explained his reasoning as follows:
This, you know, is a troubling case. It’s a tragic case because again we have a situation where two, you know, good families are destroyed. You know, you see these little children running around here and, you know, I think about the victim’s child that’s not going to have a *631 father and that’s the tragedy of this case.
We don’t know exactly what provoked or what caused this incident, but Mr. Johnson, I have no doubt in my mind that you shot and killed [the victim]. I have no doubt whatsoever in my mind. I was clearly convinced of that by the testimony of Mr. [Roy] Johnson and the other witnesses in this case and the circumstances of this case.
You have — you did this with a child present. You have shown absolutely no remorse to this day. You continue to deny your involvement and basically say this didn’t even happen. So I think it’s a very serious offense. [The victim] is dead and you have to answer for that death.
It is the judgment and sentence of the Court that I adjudicate you guilty as to Count One. I’m going to sentence you to life in the Florida State Prison with a statutory twenty-five year minimum mandatory sentence based on the use of the firearm as it was charged in the information.
In claim seven of his postconviction motion, Johnson asserted that the trial judge’s consideration of his failure to confess was erroneous. Johnson argued that trial counsel was ineffective for failing to object to these improper considerations. The postconviction court concluded that the trial judge did not rely on improper factors in sentencing Johnson and summarily denied this claim.
The first question we must decide on appeal is whether Johnson’s claim is cognizable in a motion for postconviction relief. This court has determined that claims alleging ineffective assistance for failing to object to improper reasons given in support of an upward departure sentence are cognizable in motions for post-conviction relief. See, e.g., Rodriguez v. State, 932 So.2d 1287, 1289 (Fla. 2d DCA 2006); Pilkington v. State, 734 So.2d 1153, 1153 (Fla. 2d DCA 1999), review denied, 744 So.2d 456 (Fla.1999). Although the present case does not involve an upward departure sentence, it does involve improper considerations by the trial judge in determining an appropriate sentence. We conclude that postconviction relief is available here as it was in Rodriguez and Pilkington.
On the merits, the transcript of the sentencing proceeding clearly establishes that the trial judge relied on improper factors in sentencing Johnson. A sentencing judge may not consider a defendant’s claims of innocence or refusal to admit guilt when imposing sentence. Smith v. State, 62 So.3d 698, 699 (Fla. 2d DCA 2011); Hannum v. State, 13 So.3d 132, 135 (Fla. 2d DCA 2009); Bracero v. State, 10 So.3d 664, 665 (Fla. 2d DCA 2009). It is similarly improper for a judge to consider whether the defendant testified truthfully in imposing sentence. Smith, 62 So.3d at 700; Hannum, 13 So.3d at 136. In this case, the trial judge did both in violation of Johnson’s due process rights. See Hannum, 13 So.3d at 136. And counsel’s failure to object to this error therefore renders his performance deficient.
The dissent disagrees with this conclusion and suggests that trial counsel may have failed to object as a tactic or because he was caught up in the emotion of the proceedings. We are unable to envision any tactical reason that trial counsel would have had for standing mute when the trial judge imposed the harshest sentence available based on improper sentencing factors. And, of course, suggesting that counsel failed to object “by inadvertence in this moment of emotion” does not excuse the omission. See Mazard v. State, 649 So.2d 255, 257 (Fla. 3d DCA 1994) (noting that *632 the Strickland[2] standard concerns decisions trial counsel made by “inadvertence or mistake” as opposed to trial strategy and defense tactics). The failure to object is similarly not excused by the fact that Johnson testified at trial rather than invoking his Fifth Amendment rights. The trial judge’s improper considerations have a constitutional dimension as violations of Johnson’s due process rights. See Smith, 62 So.3d at 700; Hannum, 13 So.3d at 136.
As for prejudice, Johnson was required to establish that “ ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ” Rodriguez v. State, 39 So.3d 275, 285 (Fla.2010) (quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Although the minimum sentence was twenty-five years in prison, the trial judge imposed a life sentence after emphasizing Johnson’s refusal to admit guilt and assertions of innocence both at trial and at sentencing. These improper considerations by the trial judge undermine our confidence in the outcome of the sentencing proceeding.
The dissent speculates that, had counsel objected at sentencing, the trial judge would have simply withdrawn his reliance on these improper factors and reimposed the life sentence. But such speculation as to what might have happened does little to restore our confidence in the outcome of the sentencing proceeding. Furthermore, the fact that a court subsequently offers additional reasons to justify a sentence that was originally based on improper factors does not necessarily cure the error. See, e.g., Hannum, 13 So.3d at 136 (reversing and remanding on direct appeal for a resentencing before a different judge based on the court’s improper consideration of certain factors even though the court subsequently offered additional reasons to justify the sentence). Indeed, when sentencing courts are reversed on direct appeal for consideration of improper factors, they generally are not given an opportunity to offer additional reasons to justify their sentence on remand. See, e.g., Smith, 62 So.3d at 700; Hannum, 13 So.3d at 136; Bracero, 10 So.3d at 666.
We recognize, as the dissent points out, that Johnson did not raise this issue on direct appeal. But the fact that a claim of trial court error was or could have been raised on direct appeal does not bar a claim of ineffective assistance that arises from the same facts. Bruno v. State, 807 So.2d 55, 63 (Fla.2001). In fact, “an affir-mance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a postconviction motion.” Johnson v. State, 3 So.3d 412, 414 (Fla. 3d DCA 2009). It is worth noting that Johnson would have been entitled to resentencing before a different judge if appellate counsel had raised the sentencing issue on direct appeal as fundamental error. See Smith, 62 So.3d at 700; Hannum, 13 So.3d at 136; Bracero, 10 So.3d at 665-66.
We also observe that Johnson would have been entitled to resentencing before a different judge had he filed a petition claiming ineffective assistance of appellate counsel based on counsel’s omission. See Whitmore v. State, 27 So.3d 168, 172 (Fla. 4th DCA 2010). But there is no authority requiring Johnson to seek relief by filing a petition claiming ineffective assistance' of appellate counsel or barring postconviction relief based on his failure to file such a petition.
*633 Accordingly, we conclude that trial counsel’s failure to object to the trial judge’s consideration of improper factors at sentencing constituted deficient performance. Because there is no possible tactical reason for counsel’s failure to object, an evi-dentiary hearing would be redundant. Accordingly, we reverse the denial of claim seven and remand for a new sentencing hearing before a different judge. Cf. Evans v. State, 979 So.2d 383, 386 (Fla. 5th DCA 2008) (reversing summary denial of postconviction claim asserting ineffective assistance of counsel for failing to object to vindictive sentencing and remanding for resentencing before a different trial judge).
Affirmed in part, reversed in part, and remanded.
DAVIS, C.J., Concurs.
ALTENBERND, J., Dissents with opinion.

. See § 775.087(2)(a)(3), Fla. Stat. (2004).

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).