CLARK, J.
Warren Lee Edwards appeals the dismissal of his petition for writ of habeas corpus by the circuit court in the county in which he is detained. See § 79.09, Fla. Stat. In the petition for writ of habeas corpus, Edwards asserted that he was entitled to immediate release due to a deficiency in the pre-trial probable cause for his arrest and due to a lack of sufficiency in the paperwork accompanying his acceptance into custody by the Century Correctional Institution in Escambia County, Florida. The dismissal of the petition is affirmed.
Appellant’s challenge to the judgment and sentence under which he is detained, on the ground that the pre-arrest probable cause affidavits and arrest warrants were faulty, was properly dismissed because such claims must be raised at trial and, if preserved, on direct appeal of the judgment. See Zuluaga v. State Dep’t of Corrections, 32 So.3d 674 (Fla. 1st DCA 2010) (rule 3.850, Fla. R. Crim. P., has completely superseded writ of habeas corpus to collaterally challenge a sentence). Challenges to the original probable cause are properly raised at trial and on direct appeal but are not a viable basis for post-conviction relief, Jessie v. State, 726 So.2d 356 (Fla. 5th DCA 1999), or a postconviction writ of habeas corpus.
Considering Appellant’s claim that he was improperly accepted into custody by the Century Correctional Institution without full compliance with section 944.17(5), Florida Statutes, the writ of ha-beas corpus is no,t available to remedy *424 such administrative deficiency. While a prisoner might be entitled to correction of his or her commitment file if deficiencies in the documents are discovered, section 944.17(5), Florida Statutes contains no indication that the Florida Legislature created a legal cause of action for prisoners to enforce the documentary requirements therein. See Sykes v. State, 974 So.2d 1138 (Fla.1st DCA 2008). Likewise, the statute does not provide that any omission or lack of compliance by the Department of Corrections or any correctional institution might have any effect upon the validity of the court’s judgment and sentence or confer a liberty interest upon a prisoner. Section 944.17, Florida Statutes does not create a cause of action for prisoners to challenge their detention under a facially valid judgment and sentence and provides no support for any claim of entitlement to immediate release.
The order dismissing the petition for writ of habeas corpus is AFFIRMED.
VAN NORTWICK and OSTERHAUS, JJ., concur.