SILBERMAN, Judge.
Jonathan Godwin seeks review of an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 after a hearing. Godwin was convicted of armed false imprisonment and robbery with a firearm after a jury trial. We affirm the denial of each of Godwin’s claims but write to explain our reasoning for affirming the denial of claim 5(b).
Godwin represented himself with the assistance of standby counsel during the guilt phase of his trial; he was represented by counsel at sentencing. In claim *498 5(b),[1] Godwin argued that defense counsel was ineffective for failing to object to the trial court’s improper consideration of his assertion of innocence and failure to show remorse.
At sentencing, defense counsel informed the trial court that the State had originally offered Godwin ten years in prison with a ten-year minimum mandatory. Counsel asserted that Godwin should not be penalized for going to trial or proceeding pro se at trial and requested that the court impose the ten-year sentence. Counsel asserted that, after ten years in prison, God-win “would have learned his lesson and can be thereafter a contributing member of society.” In response the prosecutor pointed out the “cold, calculated” manner in which Godwin carried out the acts, the violence that he used, and his criminal history.
The trial court rejected defense counsel’s argument that ten years in prison would be a sufficient sentence and expressed its fear that if Godwin were released from prison, society would be at risk. The court briefly recounted the evidence against Godwin, indicated it had no doubt that Godwin committed the crimes, and observed that Godwin had not shown the slightest remorse or acknowledgment of his actions. The court reiterated the violent nature of Godwin’s acts and concluded that a sentence of life in prison for robbery with a firearm and a concurrent prison term of fifteen years for armed false imprisonment was warranted.
In rejecting claim 5(b) of Godwin’s motion for relief, the postconviction court referred to the sentencing transcript and determined that the trial court’s sentences were based on Godwin’s violence during the commission of the crimes and the fear and suffering endured by the victims. The postconvictio'n court found that the trial court’s comments during sentencing were made to support rejection of defense counsel’s argument for mitigation.
We recognize that a defendant’s assertion of innocence and lack of remorse may not be factors that contribute to a defendant’s sentence. See, e.g., Gage v. State, 147 So.3d 1020, 1022 (Fla. 2d DCA 2014); Johnson v. State, 120 So.3d 629, 631 (Fla. 2d DCA 2013); Brown v. State, 27 So.3d 181, 183 (Fla. 2d DCA 2010). But we agree with the postconviction court that in context, the trial court’s comments at' sentencing were made in connection with its rejection of the argument for mitigation. See Shelton v. State, 59 So.3d 248, 250 (Fla. 4th DCA 2011) (“We perceive the court’s comments regarding the defendant’s lack of remorse as the court’s recognition that it lacked any grounds to mitigate his sentence. We see no evidence that the court used the defendant’s lack of remorse against him.”).
Because we conclude that the trial court’s remarks in this case were made for the legitimate purpose of refuting defense counsel’s request for mitigation, we affirm the denial of relief.
Affirmed.
ALTENBERND and KELLY, JJ., Concur.

. The postconviction court referred to this ground as "ground five sub-ground two."