[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12470
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00037-WS-GRJ

WINDSOR E. COOKS,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 20, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Windsor E. Cooks, a state prisoner proceeding *pro se*, appeals the *sua sponte*

dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted.  In his complaint, Cooks alleged that the Florida Department of Corrections ("FDOC") violated his constitutional rights by keeping him in its custody without possessing certain probable cause affidavits that led to his arrest.[1] Accordingly, Cooks sought (1) a declaration that the FDOC's actions violated his rights; (2) an injunction directing the FDOC to contact the clerk of the sentencing court and state that Cooks would be immediately released from the FDOC's custody; and (3) compensatory and punitive damages.  Upon review of the record and the parties' briefs, we affirm.

We review a district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A *de novo*, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  In addition, we liberally construe Cooks's *pro se* pleadings, holding them to a less stringent standard than those drafted by an attorney.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Prison Litigation Reform Act, in § 1915A, provides that the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1]    In particular, Cooks cites Fla. Stat. § 944.17(5), which provides that the FDOC must refuse to accept any individual for imprisonment unless the committing authority furnishes such affidavits.

2

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the district court must dismiss the complaint if it fails to state a claim upon which relief may be granted. *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007).

A prisoner is barred from challenging the legality of his conviction or confinement in a suit for damages under § 1983 if (1) the action, if successful, would demonstrate the invalidity of the underlying conviction or sentence; and (2) his conviction or sentence has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.E.2d 383 (1994). As the Supreme Court stressed in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), we must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81, 125 S.Ct. at 1247.

3

The district court did not err in dismissing Cooks's complaint for failure to state a claim because his claims are not cognizable under § 1983.  In his complaint, Cooks challenged the very fact of his physical imprisonment, and for relief, he sought a determination that he was entitled to immediate release from imprisonment as well as damages based on his unconstitutional imprisonment. Because Cooks did not assert or demonstrate that his conviction or sentence had been invalidated, he could not bring his claims under § 1983, and his sole federal remedy was to seek a writ of habeas corpus.  *See Wilkinson*, 544 U.S. at 81-82, 125 S.Ct. at 1248; *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372; *Preiser*, 411 U.S. 475, 489, 500, 93 S.Ct. 1827, 1836, 1841, 36 L.Ed.2d 439 (1973).  Accordingly, the allegations in Cooks's complaint, liberally construed and taken as true, show that he is not entitled to relief.[2]  *See Jones*, 549 U.S. at 215, 127 S.Ct. at 920.

**AFFIRMED.**

---

[2]    Furthermore, it appears that Fla. Stat. § 944.17(5) does not "confer a liberty interest upon a prisoner" or "create a cause of action for prisoners to challenge their detention under a facially valid judgment and sentence." *Edward v. Crews*, 124 So.3d 422, 424 (Fla. Dist. Ct. App. 2013).