NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH B. ROOP,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D13-5633
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____)

Opinion filed April 24, 2015.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Andrea M. Norgard of Norgard and
Norgard, Bartow for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

          Kenneth B. Roop seeks review of the life sentence the trial court imposed

after a jury found him guilty of second-degree murder while discharging a firearm. Roop

argues that he is entitled to be resentenced because the trial court relied on his failure

to take responsibility and lack of remorse in imposing sentence. We disagree and

affirm.

The charges in this case arose when Roop shot an unarmed meat salesman he encountered late one afternoon in his driveway. Roop did not testify at trial, but his videotaped statement to the police was played for the jury. In that statement, Roop said that as he pulled into his driveway a stranger approached him on foot with a cell phone in his hand and an attitude. Roop asked what the man was doing there, and the man said something about being there with the meat. Roop was suspicious as he had not ordered any meat. He thought the man "was casing or about to break into his house. Roop remained in his truck, and when the man got within about four feet, Roop pulled out a gun and shot him in the chest. The man fell to the ground, and when he moved his arm toward his chest and said "you shot me," Roop shot him in the head. Roop was largely unapologetic for his actions and asserted that, even in hindsight, he would not have handled the situation differently. The encounter was witnessed by the victim's coworker and captured by Roop's home security camera. Roop unsuccessfully defended against the second-degree murder charge by asserting that he acted in self-defense.

At sentencing, the State presented statements from the victim's family decrying Roop's lack of remorse and demanding justice. The prosecutor asserted that the shooting was particularly tragic because Roop had other options to protect himself if he felt threatened. But instead of considering those options Roop shot to kill and never showed any regret or remorse. The prosecutor asked the court to impose the maximum sentence of life in prison.

Defense counsel presented statements from Roop's friends and family and characterized him as a person of strong moral character who "made an extremely

poor decision." Counsel disagreed with the assertion that Roop had shown no remorse. Counsel claimed that Roop showed remorse on the video when he was left in the interrogation room alone and "showed great emotional disturbance over what had happened." Counsel suggested that the twenty-five-year minimum mandatory would be a reasonable sentence.

In imposing a life sentence, the trial court indicated that it had not heard any justification for the shooting, that the killing was senseless, and that the victim should still be alive. The court rejected defense counsel's argument that Roop was remorseful and said that it had seen no showing that Roop had accepted responsibility for his actions. The court explained, "[T]hat video we all watched in this courtroom, my take on that video wasn't a showing of remorse or of any acceptance of responsibility. What it showed to me was, is that you finally realized the gravity of the situation that you found yourself in." But the court acknowledged that its sentence was not to be based "on remorse or lack thereof."

On appeal, Roop argues that he is entitled to be resentenced because the trial court relied on his failure to accept responsibility and lack of remorse in imposing sentence. Indeed, a trial court may not impose a sentence that is based on these factors. See Gage v. State, 147 So. 3d 1020, 1022 (Fla. 2d DCA 2014); Johnson v. State, 120 So. 3d 629, 631 (Fla. 2d DCA 2013). However, it is evident that the trial court did not base its sentence on these factors but on the senselessness of and lack of justification for the killing. In context, the trial court's remarks about Roop's lack of remorse and failure to accept responsibility were made solely to address defense counsel's assertion that Roop showed remorse during his videotaped statement. See

Godwin v. State, 40 Fla. L. Weekly D651 (Fla. 2d DCA Mar. 13, 2015).  Accordingly, we affirm.

> Affirmed.


ALTENBERND and SLEET, JJ., Concur.