# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5113

_____

CARL LEWIS BURNS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Washington County.
Peter A. Mallory, Judge.

July 11, 2018

KELSEY, J.

Appellant challenges only his 300-year sentence for ten counts of sexual battery on his adopted daughter (his wife's biological niece) when the girl was fifteen to seventeen years old and in his familial or custodial care. He was sixty. During pre-trial investigation, Appellant gave a post-Miranda, sworn, recorded confession that was admitted into evidence at trial without objection, in which he claimed he committed the sexual battery "about ten" times and continued to do it because he believed the victim began to enjoy it. Thereafter, however, Appellant entered a plea of not guilty, demanded a jury trial, attempted to retract his confession during his trial testimony, and through counsel maintained his innocence at sentencing.

The trial judge stated at sentencing that the evidence of Appellant's guilt was compelling, and then went on to tie

Appellant's lack of remorse to the sentence imposed, as follows: "And the Court finds that you have really shown no remorse and denied that any of this took place. So, the Court is going to sentence you to 30 years for each of the ten counts, for a total of 300 years, which are to be served consecutively." Because the trial judge's comments leave no doubt that he relied improperly on Appellant's claims of innocence, we are constrained to vacate the sentence and remand for resentencing before another judge. We also certify a question of great public importance to the Florida Supreme Court seeking clarification of the legal effect of a defendant's confession of guilt before trial, blatantly lying at trial, and failure to challenge guilt on appeal, in light of precedent barring sentencing courts from relying on claims of innocence.

**Facts**

Appellant admitted in his recorded pre-trial confession, and at trial, that he was aware that the victim had been sexually abused previously by two separate men including her biological father, giving rise to legal proceedings culminating in her adoption into Appellant's family. The victim testified that after Appellant and his wife adopted her, Appellant raped her two or three times a week for over a year and a half. In addition to the victim's testimony, and Appellant's pre-trial confession, DNA evidence retrieved from the victim's body and from her underwear corroborated Appellant's guilt. The victim testified that she was afraid to come forward because she did not want to be removed from another family or be split up from her younger brother.

Appellant's post-Miranda confession was strikingly detailed. He admitted to most recently having had sex with the victim the previous week, and that it had been going on over a year, about ten times, sporadically. He never used a condom. He "could have" also groped or grabbed her sexually. When asked why he would have intercourse with her, he paused, apparently laughed, said "I gotta see how to say this," then "[s]he had begin [sic] to enjoy it" and had told him so. He admitted he did it at night so he wouldn't get caught, but denied that thinking it was wrong was a reason he did it at night. He took an oath swearing the confession

2

was true, and acknowledged that he could be arrested for perjury for making a false statement.

Appellant's attempt to retract his confession at trial was strikingly weak. He said the confession was false and he made the confession because he was "going to take up for my young'uns" or "take all the heat for my young'uns." He did not explain what that meant. He claimed his DNA got on the victim's underwear because he would masturbate on an article of his own clothing and then put it in a shared laundry basket containing the victim's clothes. He made up the number "about ten times" as to how often he had sex with the victim. He claimed his health prevented him from having sex, although admitting he had sex with his wife. He could not explain why his semen was on vaginal swabs taken from the victim, except to deny that it was there. He was argumentative with the prosecutor, claiming something (undefined) said before the recorder was turned on somehow (undefined) caused him to lie, and that he would lie under oath at trial "to take up for my children."

Appellant did not address the court at sentencing, but his counsel reiterated that Appellant continued to deny guilt. The trial court said the following at sentencing (emphasis added):

> Okay. Carl Lewis Burns, you've been found guilty by a jury of your peers, of engaging in ten counts of an act which constitutes sexual battery upon or with a child 12 years of age or older, but younger than 18 years of age, by a person in a familial custodial authority.
>
> The Court found [sic] that the evidence in this case was compelling. **And the Court finds that you have really shown no remorse and denied that any of this took place. So, the Court is going to sentence you to 30 years for each of the ten counts,** for a total of 300 years, which are to be served consecutively.
>
> And the Court, further, has heard the testimony about your disability. And the Court finds that the disability did not prevent you from committing this crime. But the Court will request that you be sent to a

3

facility where your disability and physical problems can be handled, as well as a place that will provide you with mental health counseling.

And you have 30 days to file an appeal of this sentence.

Despite Appellant's original sworn confession to the crimes of conviction, we are constrained to reverse his sentence because the trial court improperly relied on Appellant's subsequent claim of innocence.

## Improper Sentencing Factor

A trial court cannot base a sentence on the defendant's choosing to maintain innocence. *Holton v. State*, 573 So. 2d 284, 292 (Fla. 1990) (noting that a trial court's use in sentencing of defendant's assertion of innocence violates due process rights arising under U.S. Const. amend. V and Art. I, § 22, Fla. Const.); *see also Hayes v. State*, 150 So. 3d 249, 251 (Fla. 1st DCA 2014). As a corollary of protecting the right to maintain innocence, a trial court cannot base a sentence on the defendant's refusal to express remorse for the crime of conviction. *Macan v. State*, 179 So. 3d 551, 553 (Fla. 1st DCA 2015) (holding that references to a defendant's failure to take responsibility constitute fundamental error only "where a 'statement made by the trial court can reasonably be read only as conditioning the sentence, at least in part, upon appellant's claim of innocence'") (quoting *Jackson v. State*, 39 So. 3d 427, 428 (Fla. 1st DCA 2010)).

The trial judge's statement here reflects that he violated the governing law by relying on Appellant's failure to express remorse and refusal to admit guilt in the face of compelling evidence of guilt. After reciting the jury's finding of guilt, the judge immediately said, "And the Court finds that you have really shown no remorse and denied that any of this took place. *So*, the Court is going to sentence you to 30 years for each of the ten counts, for a total of 300 years, which are to be served consecutively . . . ." (Emphasis added.) Viewed in context, as it should be, the judge's statement could not refer to anything other than Appellant's choice to maintain his innocence. The causative

4

effect of that improper reliance is clear from the judge's choice of words: he said "So," meaning "therefore" or "because of," indicating actual reliance on this improper factor and not identifying any other factor. We therefore vacate the sentence and remand for resentencing before another judge. *See Jackson*, 39 So. 3d at 428 (ordering different judge to re-sentence defendant on remand); *see also Jiles v. State*, 18 So. 3d 1216, 1216-17 (Fla. 5th DCA 2009) (same).

## Certified Question

Rather than end our analysis with this sentencing disposition, we certify to the Florida Supreme Court the following question of great public importance that the facts of this case create, apparently without on-point precedent. We have resolved the factual aspects in favor of the disposition already noted, but we believe the state raises compelling arguments for a different rule of law on facts such as these.

> MAY A SENTENCING COURT RELY ON A DEFENDANT'S LACK OF REMORSE AFTER THE DEFENDANT HAS GIVEN A POST-MIRANDA, SWORN CONFESSION TO THE CRIME AND HAS OBVIOUSLY LIED UNDER OATH AT TRIAL ABOUT HIS GUILT?

The state notes that the rule against relying on a defendant's assertion of innocence applies only when the defendant has "at all times" maintained innocence. *Hubler v. State*, 458 So. 2d 350, 353 (Fla. 1st DCA 1984). The state argues that the rule should not apply with the same force where the defendant has given a post-Miranda, sworn statement under penalty of perjury, because such a confession is directly inconsistent with maintaining innocence. We would add as potentially relevant considerations the obviousness with which Appellant lied under oath at trial, and the fact that Appellant has failed to challenge his conviction on appeal and therefore no longer maintains his innocence. It may be that the *Hubler* reference to maintaining innocence "at all times" should be ratified as taking a case out of the general rule when the defendant has made a pre-trial sworn confession. *But see generally Blakely v. Washington*, 542 U.S. 296, 303 (2004) (noting in different context that the only facts deemed "admitted by the defendant" are those admitted in a guilty plea, stipulated

to at trial, admitted at sentencing, or contained in judicial findings to which the defendant assents), cited in *Donohue v. State*, 979 So. 2d 1058, 1059 (Fla. 4th DCA 2008).

Appellant's lying under oath has distinct significance as an indicator that he was not *truthfully* maintaining his innocence at trial, and that should make a difference. In *Lincoln v. State,* 978 So. 2d 246 (Fla. 5th DCA), *review denied*, 987 So. 2d 80 (Fla. 2008), the court noted that a defendant charged with exactly the same crime charged against Appellant "testified at trial and was unable to explain incriminating comments he made in recorded telephone exchanges with the child victim." 978 So. 2d at 247. The court held that in light of the defendant's own incriminating comments, the trial court properly considered lack of remorse. *Id.*; *see also St. Val v. State*, 958 So. 2d 1146, 1147-48 (Fla. 4th DCA 2007), *review dismissed*, 982 So. 2d 682 (Fla. 2008) (holding lack of remorse can be a proper sentencing consideration, and distinguishing between application of these rules in capital-case analysis of aggravating and mitigating factors and their potential inapplicability in a non-capital case).

Other reported opinions cast additional doubt on the propriety of adhering to a prophylactic rule against factoring in a defendant's lack of remorse upon sentencing. Former Judge Altenbernd, dissenting in *Johnson v. State*, 120 So. 3d 629 (Fla. 2d DCA 2013), raised the issue as demanding the Florida Supreme Court's attention. He noted that the trial judge and the jury had concluded that the defendant lied under oath during the trial. 120 So. 3d at 634 (Altenbernd, J., dissenting). He concluded that the Florida Supreme Court should revisit the applicability of the rule that a trial judge may not comment about lack of remorse in such a context. *Id.* He cited to similar concerns expressed by Judge Kelly in *Brown v. State*, 27 So. 3d 181, 183-85 (Fla. 2d DCA 2010). *Johnson*, 120 So. 3d at 634. In her *Brown* concurrence, Judge Kelly likewise emphasized the importance of the defendant's obvious untruthfulness under oath as a permissible factor in sentencing. 27 So. 3d at 183-84 (Kelly, J., concurring). Obvious lying under oath is a distinct consideration, reflecting on the defendant's character and lack of respect for the rule of law, which are valid sentencing considerations. These observations, also present here because Appellant's attempts to

recant his confession at trial were so blatantly false, merit the supreme court's consideration. *But see City of Daytona Beach v. Del Percio,* 476 So. 2d 197, 205-06 (Fla. 1985) (rejecting perjury as a sentencing factor because it can be redressed by prosecution for perjury itself).

VACATED; REMANDED; QUESTION CERTIFIED.

ROBERTS and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender; and David Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.