# Third District Court of Appeal

## State of Florida

Opinion filed November 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1823
Lower Tribunal No. F19-5942
_____

**Isaac M. Dilver, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Eugene Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Jacqueline Rae Brandt, Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, SCALES and LOBREE, JJ.

EMAS, J.

## INTRODUCTION

Isaac Dilver appeals from judgments and sentences for aggravated stalking in violation of an injunction for protection against repeat violence (Count One) and two counts of violating an injunction for protection against repeat violence (Counts Two and Three). For the reasons that follow, we reverse and remand with directions for the trial court to vacate the judgments and sentences on all three counts; enter a judgment of acquittal on Count Two and Count Three; enter a judgment of guilt as to Count One for the reduced offense of stalking; and hold a new sentencing hearing on the judgment for Count One, as reduced.

## FACTUAL AND PROCEDURAL BACKGROUND

Isaac Dilver was charged by Information with one count of aggravated stalking (Count One) and two counts of violating an injunction for protection against repeat violence (Counts Two and Three).

As to the aggravated stalking charge (Count One), the Information alleged that Dilver engaged in this stalking conduct "after the entry against the defendant of an injunction for protection against repeat violence or dating

2

violence, pursuant to s. 784.046, Fla. Stat. [or] an injunction for protection against domestic violence pursuant to s. 741.30, Fla. Stat."[1]

Counts Two and Three expressly alleged that Dilver did "willfully violate the provisions of an injunction for protection against repeat violence and/or sexual violence and/or dating violence, issued pursuant to section 784.046."

At trial, the victim testified to multiple instances in which she was stalked by Dilver. The victim further testified that she sought and was granted a temporary injunction against Dilver. The injunction obtained by the victim—entitled "Final Judgment of Injunction for Protection Against Stalking Violence"—was admitted into evidence and indicates on its face that it was issued after the "petition for injunction for protection against **stalking violence under section 784.0485**, Florida Statutes, and other papers filed in this Court have been reviewed." (Emphasis added.)

---

[1] To prove the crime of stalking, the State must prove a defendant "willfully, maliciously, and repeatedly follow[ed], harasse[d] or cyberstalk[ed]" the victim. See § 784.048(2), Fla. Stat. (2019); Fla. Std. J. Inst. (Crim.) 8.6. Aggravated stalking, as charged in Count One of the Information, includes the additional element that, at the time of the conduct, "an injunction for protection against repeat violence, sexual violence, or dating violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30," had been entered against the defendant for the benefit of the victim. See § 784.048(4), Fla. Stat. (2019); Fla. Std. J. Instr. (Crim.) 8.7(b).

3

Accordingly, this injunction did not establish the crime of aggravated stalking as charged in the Information—that the victim sought and obtained an injunction for protection against repeat violence pursuant to section 784.046, or an injunction for protection against domestic violence pursuant to section 741.30. Indeed, the State's entire theory of prosecution, advanced from opening statement to closing argument, was that Dilver had committed the crime of aggravated stalking by violating an injunction for protection against repeat violence, as provided by section 784.046. The State's theory and argument also formed the basis for the relevant instruction on the law provided by the trial court to the jury:

**COUNT ONE**
**AGGRAVATED STALKING**
**(Injunction Entered)**
§ 784.048(4), Fla. Stat.

To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:

1. Isaac Dilver, on, about or between March 05, 2019 and March 19, 2019 knowingly, willfully, maliciously, and repeatedly followed or harassed [the victim].

2. At the time of the following or harassing, **an injunction for protection against repeat violence** had been entered against Isaac Dilver for the benefit of [the victim].

3. Isaac Dilver knew that the injunction had been entered against him.

(Emphasis added.)

4

In like fashion, the allegations in the complaint, as well as the State's theory and argument, was that Dilver was guilty of Counts Two and Three because he willfully violated the provisions of an injunction for protection against repeat violence, sexual violence, or dating violence, issued pursuant to section 784.046. Again, however, the only injunction introduced into evidence in support of these charges was the injunction against stalking, issued pursuant to section 784.0485.

Dilver properly preserved this issue, arguing in his motion for judgment of acquittal that the State failed to prove any of the three counts because the State expressly based its allegations, proof and argument on the "fact" that each count involved a violation of an "injunction against repeat violence," pursuant to section 784.046, while the evidence at trial established the issuance of an injunction against stalking (section 784.0485).

An injunction against repeat violence (section 784.046) and an injunction against stalking (section 784.0485) are two distinct types of injunctions arising from separate causes of action, the violation of which can result in different and distinct penalties.[2] The trial court denied Dilver's motion for judgment of acquittal.

---

[2] For example, the crime of aggravated stalking as charged in the Information (stalking committed after entry of an injunction for protection against repeat violence), is a third-degree felony. See § 784.048(4). The crime of stalking,

The jury was instructed on the elements of all three counts, and was further instructed (as to Count One, Aggravated Stalking) on the necessarily lesser-included offense of stalking (which does not require proof that an injunction had been entered against Dilver). The jury returned verdicts of guilty as charged on all three counts.

As to Count One (Aggravated Stalking), Dilver was sentenced as a habitual felony offender to two years' imprisonment followed by seven years of probation. As to Count Two and Count Three (each a first-degree misdemeanor), Dilver was sentenced to 364 days in the county jail to be served concurrently with each other and concurrently with the sentence on Count One.[3]

---

and the crime of violating an injunction for protection against stalking, are both first-degree misdemeanors. See §§ 784.048(2) and 784.0487(4)(a), Fla. Stat. (2022).

[3] Prior to sentencing, defense counsel moved for a competency evaluation of Dilver and for a competency hearing. Several evaluations were conducted and a competency hearing scheduled. The day before the final hearing, defense counsel requested additional time to prepare for a follow-up competency evaluation because counsel had located Dilver's family and discovered that Dilver had a mental health history which had not been discovered by Dilver's prior counsel or by the physicians who had previously evaluated him. The next day the trial court considered the motion for continuance but found Dilver competent to proceed to sentencing. This was based in part on her observations of Dilver during trial.

**DISCUSSION AND ANALYSIS**

On appeal, Dilver contends the trial court erred in denying his motion for judgment of acquittal because the State failed to prove the issuance of an injunction against repeat violence (pursuant to section 784.046) or an injunction for protection against domestic violence (pursuant to section 741.30), an essential element of aggravated stalking as charged in Count One of the Information. We review this issue de novo, Williams v. State, 305 So. 3d 673 (Fla. 3d DCA 2020), and we hold that the trial court erred in denying Dilver's motion for judgment of acquittal.

Dilver contended (both in the trial court and here on appeal) that an injunction for protection against stalking under section 784.0485 is not the same as an injunction for repeat violence or dating violence under section 784.046, or an injunction for domestic violence under section 741.30. Indeed, the State has conceded this point, and has further and commendably conceded that the State did not (and could not) prove Dilver committed aggravated stalking as charged in Count One of the Information, because the State did not (and could not) establish that Dilver engaged in these acts after the issuance of an injunction against repeat violence or dating violence (pursuant to section 784.046) or domestic violence (pursuant to section

7

741.30), an essential element for aggravated stalking as charged in Count One of the Information.

Simply stated, proof of the issuance and existence of an injunction for protection against stalking under section 784.0485 was legally insufficient to establish the charge of aggravated stalking under section 784.048(4) which requires proof of the issuance and existence of an injunction issued for protection against repeat violence or dating violence (pursuant to section 784.046) or domestic violence (pursuant to section 741.30).

This same infirmity applies with respect to Counts Two and Three, each charging a violation of an injunction against repeat violence. Again, the only injunction introduced by the State was the injunction against stalking, issued pursuant to section 784.0485. The State has commendably conceded error on this issue as well, and has further conceded that, as a result, the judgments and convictions for Counts Two and Three must be vacated with instructions on remand to enter judgments of acquittal on those two counts.

As to Count One, however, the State contends there was sufficient evidence to support a conviction for stalking (a necessarily lesser-included offense of aggravated stalking), and that the jury was properly instructed on, and necessarily found the State had proven all of the elements of, this lesser

8

included offense. Thus, the State posits, this court should reverse the judgment and sentence for aggravated stalking and remand for entry of judgment for stalking (section 784.048(2), Florida Statutes (2019)) and for a new sentencing hearing on that judgment. We find merit in the State's position.

Stalking is a Category One (necessarily lesser-included)[4] offense of aggravated stalking: establishing the elements for the crime of aggravated stalking necessarily establishes the elements for the crime of stalking. See Fla. Std. J. Inst. (Crim.) 8.7(b), Aggravated Stalking Under § 784.048(4) (listing Stalking under § 784.048(2) as a Category One necessarily lesser-included offense).

Had the trial court properly granted Dilver's motion for judgment of acquittal as to Count One, it would have resulted in a reduction of the offense from aggravated stalking (as charged) to stalking, as the record amply demonstrates the State established the elements for stalking under section 784.048(2), and that the jury, by its guilty verdict on the charge of aggravated

---

[4] There are two categories of lesser-included offenses—necessary lesser offenses (also known as Category One) and permissive lesser offenses (also known as Category Two). Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006). An offense is a necessary (Category One) lesser "[i]f the statutory elements of the lesser included offense are always subsumed by those of the charged offense." Stevens v. State, 195 So. 3d 403, 405 (Fla. 2d DCA 2016) (citing Williams v. State, 957 So. 2d 595, 598 (Fla. 2007)).

stalking, found beyond a reasonable doubt that the State had proven all of the elements of the lesser-included offense of stalking.

The Florida Rules of Criminal Procedure provide for just such a circumstance:

### Rule 3.620. When Evidence Sustains Only Conviction of Lesser Offense

When the offense is divided into degrees or necessarily includes lesser offenses and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of the lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.

Fla. R. Crim. P. 3.620. See § 924.34, Fla. Stat. (2022) (providing: "When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense"); State v. Sigler, 967 So. 2d 835, 844 (Fla. 2007) (construing § 924.34 and holding: "To the extent that section 924.34 can be read to provide for conviction of an offense whose elements have not been determined by the jury, it would be unconstitutional. Otherwise, when

10

all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense"); Michelson v. State, 927 So. 2d 890, 893 (Fla. 4th DCA 2005) ("[W]e find no constitutional prohibition against remand for conviction for a lesser degree or lesser included offense where the jury has specifically found the existence of all elements of the offense and where the error causing remand does not disturb those findings.") See also K.H. v. State, 8 So. 3d 1155 (Fla. 3d DCA 2009) (reversing delinquency adjudication for felony battery on a law enforcement officer where the State failed to prove the officer was engaged in the lawful performance of his duties; however, finding all the elements of simple battery had been proven, and relying upon Sigler, remanding to the trial court with instructions to reduce the adjudication to the necessarily lesser-included misdemeanor offense of simple battery).

**CONCLUSION**

We therefore reverse and remand, and direct the trial court to vacate the judgments and sentences on Counts One, Two and Three; enter a judgment of acquittal on Count Two and Count Three; enter a judgment of guilt as to Count One for the reduced (and necessarily lesser-included)

11

offense of stalking under section 784.048(2); and hold a new sentencing hearing on this judgment for Count One as reduced.[5]

Reversed and remanded with directions.[6]

---

[5] We recognize that, because the judgment on remand is to be entered for a first-degree misdemeanor, Dilver may have already served the maximum possible sentence.

[6] Given our holding, the other issue raised by Dilver (see note 3 *supra*) is moot. See, e.g., Bracero v. State, 10 So. 3d 664, 666 (Fla. 2d DCA 2009) (finding moot defendant's argument that "the judge erred in failing to sua sponte order a competency evaluation" based on the defendant's remarks at sentencing but noting: "Because we are remanding for further proceedings, defense counsel will have the opportunity to seek a competency determination if such is warranted at the time") (emphasis added); Williams v. State, 295 So. 3d 258, 259 (Fla. 4th DCA 2020) ("On remand, the court shall strike Williams's conviction and sentence for assault. After doing so, and if the court determines that Williams is competent to be sentenced, the court shall resentence Williams for attempted robbery.")